UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Middesk, Inc.**<br><br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**Osiris Ratings, Inc. d/b/a Baselayer, and**<br><br>**Jonathan Awad, and**<br><br>**Josh Leviloff,**<br>　　　　　　**Defendants.** | CIVIL ACTION NO.  1:25-cv-02677<br><br>**[PROPOSED] ORDER TO SHOW CAUSE FOR EXPEDITED DISCOVERY AND TO SCHEDULE AN EVIDENTIARY HEARING IN SUPPORT OF PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION** |

Upon the accompanying Plaintiff's Verified Complaint, Declaration of Jason D. Burns, Declaration of Julian Ackert, the supporting memorandum of law, and all exhibits attached hereto, it is hereby:

ORDERED, that Defendants Osiris Ratings, Inc. d/b/a Baselayer, Jonathan Awad, and Josh Leviloff ("Defendants") show cause before a motion term of this Court, at Room ____, United States Courthouse, 500 Pearl Street, in the City, County and State of New York, on April ___, 2025, at ____ o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued pursuant Rule 26 and Rule 65 of the Federal Rules of Civil Procedure that Defendants shall make available for forensic examination the following devices and/or data sources of information (the "Data Sources"), which are identified in Plaintiff's memorandum of law and Declaration of Jason Burns, by no later than five (5) business days of the date of this Order:

- Leviloff's personal and business emails, including Gmail and Yahoo!;
- Leviloff's iCloud account associated with his Yahoo! email address;
- Leviloff's personal phone;
- Leviloff's personal computer(s);
- Leviloff's Baselayer-provided computer;

- Leviloff's Baselayer-provided email account;
- Awad's Apple ID associated with his Gmail account, including the full email address and password;
- Awad's device(s) used to communicate with Leviloff;
- Awad's Baselayer-provided computer;
- Awad's Baselayer-provided email account; and
- Baselayer accounts or systems that Leviloff connected to or emailed.

*See* Declaration of Julian Ackert attached to Complaint as Exhibit C at ¶ 65.

And it is further ORDERED that Defendants shall preserve the Data Sources and otherwise take reasonable steps to preserve documents, information, and data (including electronically stored information) relevant to the claims and allegations in the Verified Complaint; and it is further

ORDERED that because good cause and reasonableness is shown, Plaintiff's request for expedited discovery is granted, and:

A. Defendants shall respond to the following expedited discovery requests within five (5) days of the Court's Order:

**Document Requests**

To Awad:   1.   All documents about or communications with Leviloff since January 1, 2025 relating to Middesk, Baselayer, or Middesk Documents or Information. "Middesk Documents or Information" means any document drafted by Middesk, with Middesk metadata in it, or containing Middesk's confidential or proprietary information and/or trade secrets.

2.   All "Middesk Documents or Information" in your possession, custody or control.

To Leviloff:   1.   All documents about or communications with Awad since January 1, 2025 relating to Middesk, Baselayer, or Middesk Documents or Information.

2.   All "Middesk Documents or Information" in your possession, custody or control.

3.   All documents about or communications with Baselayer or any Baselayer employee or agent from September 1, 2024 until you began full-time employment at Baselayer.

| | | |
|---|---|---|
| To Baselayer: | 1. | All documents and communications about (i) Leviloff's transition to and exit from Baselayer, including but not limited to any investigation of his conduct and his personnel file, or (ii) Leviloff's work at Middesk or knowledge of Middesk's confidential information or trade secrets. |
| | 2. | All documents or communications about (i) Middesk Documents or Information or requesting Middesk Documents or Information or (ii) soliciting Middesk employees, including Leviloff, or trying to obtain Middesk confidential information or trade secrets. |
| | 3. | All "Middesk Documents or Information" in your possession, custody or control and all communications about "Middesk Documents or Information." |

**Interrogatories**

| | | |
|---|---|---|
| To Awad: | 1. | Identify all business and personal devices, cloud storage, email or cell phone accounts, and other data sources used by Awad since January 1, 2025. |
| | 2. | Identify and describe all attempts to and instances of requesting or receiving Middesk Documents or Information from Middesk or its current or former employees, whether from Leviloff or otherwise. |
| To Leviloff: | 1. | Identify all business and personal devices, cloud storage, email or cell phone accounts, and other data used by Leviloff since September 1, 2024. |
| | 2. | Identify and describe all requests by any third party or instances by you of providing Middesk Documents or Information to a third party, to yourself, or to a device or data source you possess or control, including but not limited to involving Awad. |
| To Baselayer: | 1. | Identify all devices, cloud storage, email or cell phone accounts, or other data sources issued to or used by Awad or Leviloff for Baselayer business since January 1, 2025. |
| | 2. | Identify all Baselayer employees who communicated with Leviloff since January 1, 2025 and, for each such Baselayer employee, identify all their Baselayer devices, email accounts, and systems/cloud storage they had access to. |

    **B.** Plaintiff shall initially cover the cost of the forensic examination of the Data Sources, subject to Plaintiff's ability to seek to recover those costs.

C. Each Defendant shall appear for a three hour or less deposition within twenty-one (21) days after the Defendants' deadline to respond to the expedited discovery requests set forth in Section A of this Order, at the offices of Plaintiff's counsel, Greenberg Traurig LPP, One Vanderbilt Avenue, New York, New York 10017; and it is further

ORDERED that the Court will conduct an evidentiary hearing in this matter pursuant to the below proposed schedule:

| EVENT | DEADLINE |
| --- | --- |
| Plaintiff's Opening Brief in Support of Motion for Preliminary Injunction Due | May 2, 2025 |
| Defendants' Response Brief Due | May 9, 2025 |
| Plaintiff's' Reply Brief Due | May 13, 2025 |
| Preliminary Injunction Hearing | _____, 2025 |

And it is further ORDERED that:

i. Any objections to the relief requested as of the return date of this Order to Show Cause shall be deemed to have been waived in the event that such objections are not filed with this Court and served upon Plaintiff's counsel no later than \_\_\_ days prior to the return date of the Order to Show Cause;

ii. Any responsive reply papers on behalf of Plaintiff shall be filed with the District Court and served upon Defendants no later than \_\_\_\_ days prior to the return date of this Order to Show Cause;

iii. There is good cause to permit notice of this Order to Show Cause and service of the Complaint and all other supporting documents by alternative means, given the exigency of the circumstances and the need for prompt relief. The following means

of service are authorized by law, satisfy due process, satisfy Rule 4(f)(3) of the Federal Rules of Civil Procedure, and shall be deemed reasonably calculated to notify Defendants of this Order to Show Cause, the Complaint, and this action: simultaneous service via e-mail and overnight mail upon Defendants at their residence and/or place of business, and upon outside counsel for Defendants, when known; and

iv. In the event any Defendant fails to answer or otherwise move with respect to the Complaint within thirty (30) days after service of same upon such Defendant, default and default judgment may be entered against that Defendant for the relief sought in the Complaint; and it is further

ORDERED that e-mail service of a copy of this Order and supporting papers on counsel for Defendants shall be deemed good and sufficient service and notice thereof.

DATED:   New York, New York

_____, 2025

____ A.M/P.M

_____
United States District Judge

5