# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Middesk, Inc.**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**Osiris Ratings, Inc. d/b/a Baselayer, and**<br><br>**Jonathan Awad, and**<br><br>**Josh Leviloff,**<br>    **Defendants.** | CIVIL ACTION NO.  1:25-cv-02677 |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND
FIRST SET OF INTERROGATORIES TO
<u>DEFENDANT OSIRIS RATINGS, INC d/b/a BASELAYER</u>**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff Middesk, Inc. ("Middesk" or "Plaintiff"), by and through their undersigned counsel, hereby propounds the following First Set of Requests for Production of Documents and First Set of Interrogatories (collectively the "Requests" and each individually a "Request") to Defendant Osiris Ratings, Inc. d/b/a ("Baselayer" or "Defendant").  Baselayer shall produce all responsive documents and things in its possession, custody or control at Greenberg Traurig, LLP, One Vanderbilt Ave., New York, NY 10017.  The following definitions and instructions shall apply to these Requests.

**DEFINITIONS**

1. Defendants incorporate the Uniform Definitions for all Discovery Requests pursuant to Local Rule 26.3, as if fully set forth herein, including, without limitation, the definitions of Document and Communications.

2. "Awad" refers to Jonathan Awad.

3. "Communicate," "communicated," or "communication" shall mean any act or instance of transferring, transmitting, passing, delivering or giving information in the form of facts, ideas, thoughts, inquiries or otherwise by any means whatsoever. A request for communications includes correspondence, telexes, faxes, telecopies, electronic mail, text messages, SMS, or other mobile-to-mobile device messages, all attachments and enclosures thereto, computer tapes, discs, telephone tape recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

3. "Document(s)" shall be defined consistent with the definition set forth in Local Rule 26.3(c)(2) of the Southern District of New York, and shall include every writing or record of any type and description that is in your possession, custody or control or of which you have knowledge, including, but not limited to, correspondence, memoranda, video or audio tapes, recordings of any kind, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, photographs, motion pictures, computer tapes, disks or printouts, emails, electronic files, instant or text messages, electronic or computerized data compilations or any other recorded or graphic material in whatever form including drafts, reproductions and non-identical copies.

4. "Identify," "identity," or "identification" shall mean to give:

   a. when referring to a natural person, the person's name, and:

      i. present or last known home address;

      ii. home telephone number;

      iii. place of employment or job title;

        iv. business address; and

        v. business telephone number.

b. when referring to any person other than a natural person, the full name and the present or last known address and the principal place of business of the entity being identified.

c. when referring to a document, the:

        i. date and type of document;

        ii. general subject matter; and

        iii. author(s), addressee(s), and recipient(s).

5. "Leviloff" refers to Josh Leviloff.

6. "Middesk Documents or Information" means any document drafted by Middesk, with Middesk metadata in it, or containing Middesk's confidential or proprietary information and/or trade secrets.

7. "Parties" means both Defendants and Plaintiff, collectively.

8. "Person" means any natural person, business, firm, association, proprietorship, joint venture, organization, partnership, government or governmental agency, corporation or any other form of legal entity.

9. "You" and "Your" all refer to Defendant Baselayer, its agents, representatives, employees, and any other person acting on Baselayer's behalf.

10. The terms "include" or "including" do not limit the scope of the Request and shall be construed as meaning including, but not limited to, the particular subject matter identified.

11. The term "any" shall be read to include "any and all"; the term "or" shall be read to include "and"; and the term "and" shall be read to include "or." The word "including" means "including without limitation."

12. Use of the singular includes the plural and vice versa.

13. The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

**INSTRUCTIONS**

14. In construing and responding to these Requests, You must comply with the requirements of the Federal Rules of Civil Procedure (including, without limitation, Rule 34 thereof) and the Local Civil Rules of the Southern District of New York. Nothing herein shall be construed to limit the requirements of the Federal Rules or the Local Civil Rules.

15. In answering the Requests which follow, please furnish all information in Your possession or control, or the possession or control of Your agents, representatives, employees, investigators, attorneys or any Person acting on Your behalf and not merely such information known to Your personal knowledge. If You cannot answer the following requests in full, after exercising due diligence to secure the information to do so, please so state, and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

16. All Documents and/or things are to be produced in the files in which such Documents and/or things have been maintained and in the order within each file in which such Documents and/or things have been maintained.

17. You shall respond to and make a production in connection with each Request contained herein, to the extent it is not objected to separately and fully in writing.

18. Each Request shall be answered in its entirety. If, after reasonable and thorough investigation using due diligence, You are unable to answer any Request or any part thereof, because of lack of information available to You, You are to specify in full and complete detail the reason that the information is not available and what efforts have been made to locate such information. In addition, You are to specify what knowledge You do have concerning the unanswered portion of the Request and set forth the facts upon which such knowledge is based.

19. If You object to any portion of a Request on any ground other than privilege, You should still provide information responsive to the remaining portion. If You object to any portion of any Request, You are requested to produce all documents requested by that portion of the document request to which You do not object. If You object to any Request for the reason that it is too broad, You are to produce all documents that You concede are relevant, and are to meet and confer with Defendants regarding the scope of the Request as opposed to just objecting and producing nothing. If You object to a Request on the ground that to provide an answer or produce a Document would constitute an undue burden, You are to provide all requested Documents that can be supplied without undertaking an undue burden, and are to meet and confer with Defendants regarding the scope of the Request as opposed to just objecting and producing nothing.

20. If You object to a Request on the ground of privilege, please answer the request by providing such non-privileged information as is responsive.

21. A privilege log that complies with the requirements of Local Rule 26.2(c) will be provided by the Parties within a reasonable amount of time after the final production.

22. If You claim that any information responsive to any Request was, but no longer is, in Your possession, custody, or control, or no longer is in existence, state whether it is: (a)

missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others, and if so, to whom; or (d) disposed of otherwise. In each instance, explain the circumstances surrounding any authorization for such disposition, and state the approximate date thereof.

23. If, in responding to the Requests, You claim that there is any ambiguity in either a particular Request or in a definition or an instruction applicable thereto, such claim shall not be used by You as a basis for refusing to respond, but You shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

24. For purposes of interpreting or construing the following Requests, the terms used are to be given their most expansive and inclusive interpretation unless otherwise specifically limited in the Request itself.

25. These Requests are continuing and require further and supplemental production whenever Defendant acquires, creates, or obtains additional documents between the time of initial production hereunder and the time of trial in this action.

26. Pursuant to Fed. R. Civ. P. 34(b), documents should be organized and labeled to correspond with the categories in this Document Request.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:** All documents and communications about (i) Leviloff's transition to and exit from Baselayer, including but not limited to any investigation of his conduct and his personnel file, or (ii) Leviloff's work at Middesk or knowledge of Middesk's confidential information or trade secrets.

**REQUEST FOR PRODUCTION NO. 2:** All documents or communications about (i) Middesk Documents or Information or requesting Middesk Documents or Information or (ii) soliciting Middesk employees, including Leviloff, or trying to obtain Middesk confidential information or trade secrets.

**REQUEST FOR PRODUCTION NO. 3:** All "Middesk Documents or Information" in your possession, custody or control and all communications about "Middesk Documents or Information."

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all devices, cloud storage, email or cell phone accounts, or other data sources issued to or used by Awad or Leviloff for Baselayer business since January 1, 2025.

**INTERROGATORY NO. 2:** Identify all Baselayer employees who communicated with Leviloff since January 1, 2025 and, for each such Baselayer employee, identify all their Baselayer devices, email accounts, and systems/cloud storage they had access to.

Dated: New York, New York
       March 31, 2025

Respectfully submitted,

s/*Jason D. Burns*
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

Justin K. Victor (*phv forthcoming*)
Fredric J. Bold, Jr. (*phv forthcoming*)
Rushton Pope (*phv forthcoming*)

GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
(678) 553-2100
victorj@gtlaw.com
rick.bold@gtlaw.com

*Counsel for Plaintiff Middesk, Inc.*