

Matthew D. Gorman
Email: mgorman@wsgr.com
Direct dial: 212-497-7786

Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Boston Place
201 Washington Street, Suite 2000
Boston, Massachusetts 02108-4403

O: 617.598.7800
F: 866.974.7329

April 4, 2025

<u>**Via ECF**</u>

Hon. P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     <u>*Middesk, Inc. v. Osiris Ratings, Inc., et al.*; No. 1:25-cv-02677</u>

Dear Judge Castel:

My firm represents Defendants Osiris Ratings, Inc. d/b/a Baselayer (the "Company" or "Baselayer") and Jonathan Awad (together, "Defendants"). Defendants are writing to seek clarification of the Court's April 2, 2025 Order to Show Cause (the "Order"), and if necessary, reconsideration of one aspect of the Order.

Plaintiff sent Defendants the Order by email on the afternoon of April 2. Upon receipt of the Order, Defendants understood that the Court would hold a hearing on April 15 on all aspects of Plaintiff's Proposed Order to Show Cause (Dkt. No. 7) and that Defendants would be permitted to file a response on April 9, with a reply from Plaintiff due on April 11. That evening, Plaintiff's counsel emailed counsel for Defendants indicating that Plaintiff expected all Defendants' expedited discovery responses to be provided on Monday, April 7. Defendants respectfully request clarification from the Court that it indeed intended to order Defendants to respond to the expedited discovery set forth in subsection A. of the Order by April 7.

To the extent that was the Court's intent, Defendants respectfully request reconsideration of this aspect of the Order solely to provide Defendants with the ability to submit a response to Plaintiff's proposed expedited discovery in connection with its April 9 response to the Order. As an initial matter, Plaintiff has not shown that there is any immediate need for these documents and information that requires the items to be provided by April 7, rather than after the Court has been able to hear from both parties on this matter and Defendants have had an opportunity to respond. The allegations made in the Complaint against Mr. Awad, with one exception, all relate to his alleged activities from more than two years ago. The only recent factual allegation made about Mr. Awad concerns his alleged request for a single piece of information from Defendant Josh Leviloff. Compl. (Dkt. No. 1) ¶ 46. Setting aside the fact that Defendants dispute that the information at issue even constitutes a trade secret, Mr. Leviloff is not even actively working for Baselayer and has been on a paid leave since Defendants initially received a letter from Plaintiff's former counsel approximately a month ago. Accordingly, there is no urgency to the request for expedited discovery such that Plaintiff needs a response now and Defendants should not even be permitted a response.

WILSON SONSINI

Hon. P. Kevin Castel
April 4, 2025
Page 2

      Defendants also understand from Plaintiff's filings that it intends to use the expedited discovery in support of a motion for preliminary injunction. If that is the case, Defendants would appreciate the ability to explain in a response why they should be permitted to propound their own written discovery and depose Plaintiff's witnesses as part of any expedited discovery. To succeed on a motion for preliminary injunction, Plaintiff will need to show, among other things, that its claims have a likelihood of success on the merits and that it would suffer irreparable harm in the absence of the requested relief. *See e.g.*, *Accenture LLP v Trautman*, 21-CV-2409 (LJL), 2021 WL 6619331, at *7 (S.D.N.Y. June 8, 2021) ("The movant seeking a preliminary injunction must prove each of the following elements: (1) likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) that the public's interest weighs in favor of injunctive relief; and (4) that the balance of hardships tips decidedly in the movant's favor."). Defendants should have a chance to test the sufficiency of Plaintiff's allegations on those items through discovery from Plaintiff, including, but not limited to, whether the information at issue is actually confidential, whether Plaintiff actually took appropriate steps to protect the confidentiality of the information at issue, whether the information at issue actually holds value to Plaintiff, and the extent of the harm that Plaintiff will suffer (if any) from the alleged conduct. Finally, Defendants would appreciate the opportunity to be heard on their valid objections to the specific expedited discovery requested, including, but not limited to, the relevance of the documents and information sought, the overbreadth of the requests, the undue burden in expecting responses within five days, and the ambiguity in the language of the document requests and interrogatories at issue.

      Defendants would just like an opportunity to be heard on the expedited discovery requests before any responses are due. Defendants appreciate the Court's attention to this matter and look forward to addressing Plaintiff's allegations at the upcoming April 15 hearing.

      Respectfully submitted,

      WILSON SONSINI GOODRICH & ROSATI
      Professional Corporation

      Matthew D. Gorman