UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Middesk, Inc.**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**Osiris Ratings, Inc. d/b/a Baselayer, and**<br><br>**Jonathan Awad, and**<br>**Josh Leviloff,**<br><br>     **Defendants.** | CIVIL ACTION NO. 1:25-cv-02677-PKC<br><br>Jury Trial Demanded |

# [PROPOSED] ORDER

This case comes before the Court on Plaintiff Middesk, Inc.'s ("Middesk") and Defendants Osiris Ratings, Inc. d/b/a Baselayer's ("Baselayer") and Jonathan Awad's ("Awad") Joint Stipulation for Temporary Restraining Order.

Because the Defendants consent to the entry of the Joint Stipulation for Temporary Restraining Order and for good cause shown, the Court enters the following Temporary Restraining Order:

1. Baselayer is restrained from using, printing, copying, distributing, disclosing, or destroying (a) any documents, including electronic files and physical files that originated from Middesk, this includes, but is not limited to electronics file(s) that Baselayer has recently identified within its possession, or (b) any information – whether it was provided to Baselayer through documents or orally – that Baselayer reasonably understands to constitute Middesk trade secrets or confidential or proprietary

1

information, unless Middesk consents in writing to any of the foregoing or unless such action is taken in connection with this Action.

2. Awad is restrained from using, printing, copying, distributing, disclosing, or destroying (a) any documents, including electronic files or physical files, that originated from Middesk, this includes, but is not limited to electronics file(s) that Baselayer has recently identified within its possession, or (b) any information – whether it was provided to Awad through documents or orally – that Awad reasonably understands to constitute Middesk trade secrets or confidential or proprietary information, unless Middesk consents in writing to any of the foregoing or unless such action is taken in connection with this Action.

3. The Parties agree that nothing in this stipulation shall prohibit Baselayer from responding to any discovery request from Middesk or complying with an order from the Court in the Action.

4. The Parties agree that nothing in this order shall prevent Middesk from seeking further or broader injunctive relief if necessary.

5. The Parties agree that nothing herein shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claim in the Action (including, but not limited to, that any particular information constitutes a Middesk trade secret or confidential or proprietary information), (b) an acknowledgment or admission by any Party of any fault or liability whatsoever, and (c) an admission by any Party of possessing, taking, using, printing, copying, distributing, disclosing, examining, or destroying any Middesk information. The Parties agree that this Order shall remain in

effect until (a) the Court dissolves it; or (b) the Court rules on any forthcoming Motion for Preliminary Injunction or otherwise addresses or disposes of this Action.

IT IS SO ORDERED

Dated: __April 8__, 2025
        12:33 pm

_____
Hon. P. Kevin Castel, U.S.D.J.

3