# EXHIBIT B

**From:** Gorman, Matt <mgorman@wsgr.com>
**Sent:** Thursday, April 3, 2025 8:49 AM
**To:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>
**Cc:** Diles, Heather <hdiles@wsgr.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Hi Jason,

I of course see the text you are referencing but do not agree that the court has summarily given Plaintiff the right to that discovery without any response whatsoever from Defendants. The requests and interrogatories themselves are unnecessary at this juncture because, among other reasons, the files allegedly taken by Mr. Awad were downloaded well over two years ago and there is no suggestion whatsoever that either he or Baselayer has been using any Middesk confidential information. Moreover, they are subject to multiple objections, including relevance, overbreadth, and ambiguity.

Be that as it may, Mr. Awad and Baselayer want only to divest themselves of any Middesk files in their possession and alleviate any concern that Baselayer has or is using Middesk information. Defendants are therefore hopeful the parties can agree on the scope of a third-party forensic examination and limited initial discovery to identify any Middesk files still in Defendants' possession and show that those files have not been used, opened, or disseminated within Baselayer. As Heather already shared with you, and as Middesk will be able to confirm with Mr. Leviloff, he never shared any Middesk files with Baselayer either.

Please let me know if Plaintiff will agree on the below scope for forensic examination and expedited discovery in lieu of proceeding with the order to show cause hearing or seeking the expedited discovery that Plaintiff believes the court has ordered. Defendants make this proposal while reserving all rights, defenses, and arguments to object to the expedited

discovery and order to show cause. This proposal also may not be considered an admission of the truth of any allegations made by Middesk in this matter. We hope that further court involvement in these matters is not necessary in light of Defendants' openness about the information in their possession and willingness to remediate fully their possession of all Middesk files.

- Mr. Awad and Baselayer will agree to an appropriately limited forensic review of the below devices and accounts, subject to a mutually agreed upon written forensic protocol, to locate any Middesk files that may still be in their possession:
  - Mr. Awad's personal Google Drive – There is a single folder with Middesk files on his personal Drive which has not been accessed by anyone at Baselayer and have not been shared with anyone at Baselayer. I understand this has sat there untouched for years.
  - Mr. Awad's Baselayer Google Drive – I understand there are no Middesk files located on this Drive and that any Middesk file were deleted from the Drive before this lawsuit.
  - Mr. Awad's Baselayer email – I understand this will show that Mr. Awad never shared any Middesk file through his Baselayer email, nor did Mr. Awad receive any Middesk files from Mr. Leviloff.
  - A forensic image of Mr. Awad's Baselayer laptop – I understand that there is a single Baselayer PowerPoint deck located on the laptop and no other files.
- Document Requests: The following documents would be produced by April 11. The request for a 5 day respond deadline is unreasonable and unnecessary.
  - Mr. Awad will produce: (1) his written communications with Mr. Leviloff since January 1, 2025 relating to Middesk, Baselayer, or Middesk Documents or Information; and (2) the Middesk files in his possession.
  - Baselayer will produce: (1) Mr. Leviloff's personal file (subject to prior notice to Mr. Leviloff that these documents will be provided); (2) communications with Mr. Leviloff about Mr. Leviloff's work at Middesk or his knowledge of Middesk confidential information (if any); (3) communications with Middesk employees other than Mr. Leviloff about employment with Baselayer or trying to obtain Middesk confidential information (if any); and (4) Middesk files in Baselayer's possession (which I understand to be a single PowerPoint).
- Interrogatories: Mr. Awad and Baselayer will provide the below information by April 11.
  - Mr. Awad will (1) identify those business and personal devices, cloud storage, email, or cell phone accounts on which he recalls accessing or downloading Middesk files; and (2) identify and describe all attempts to and instances of requesting or receiving Middesk Documents or Information from Middesk or its current or former employees, including from Mr. Leviloff.
  - Baselayer will identify all devices, cloud storage, email or cell phone accounts, or other data sources issued or used by Mr. Awad or Mr. Leviloff (to the extent known to Baselayer) for Baselayer business since January 1, 2025.

Please let us know your thoughts on the above and send us any comments to the revised stipulation we shared as soon as possible.  At the risk of belaboring the point, Mr. Awad and Baselayer are ready and willing to remediate their possession of Middesk files.

**Matthew D. Gorman | Partner | Wilson Sonsini Goodrich & Rosati**
One Boston Place, 201 Washington Street, Suite 200 | Boston, MA 02109
direct: 212.497.7786 | mobile: 315.945.0236 | mgorman@wsgr.com

---

**From:** Jason.Burns@gtlaw.com <Jason.Burns@gtlaw.com>
**Sent:** Wednesday, April 2, 2025 7:37 PM
**To:** victorj@gtlaw.com; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Diles, Heather <hdiles@wsgr.com>; GTMiddeskTeam@gtlaw.com; Shira.Poliak@gtlaw.com
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

EXT - jason.burns@gtlaw.com

---

Matt:

The Court's Order requires Defendants to respond to Middesk's discovery requests within five days. That's Monday, April 7.

> ORDERED that because good cause and reasonableness is shown, Plaintiff's request for
>
> expedited discovery is granted, and:
>
> A. Defendants shall respond to the following expedited discovery requests within five (5)
>
> days of the Court's Order:

The only issue that is the subject of the show-cause hearing is Middesk's request for forensic examination of the Data Sources. Defendants' response to that show-cause order is due April 9.

Regards,
Jason


**Jason Burns**
Shareholder

Greenberg Traurig, LLP
One Vanderbilt Avenue | New York, NY 10017
T +1 212.801.9294  |  C  917 509 4561
Jason.Burns@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

GT GreenbergTraurig

---

**From:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Sent:** Wednesday, April 2, 2025 6:52 PM
**To:** Gorman, Matt <mgorman@wsgr.com>
**Cc:** Diles, Heather <hdiles@wsgr.com>; GTMiddeskTeam <GTMiddeskTeam@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>
**Subject:** Re: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

I think we are reading it differently.

---

**From:** Gorman, Matt <mgorman@wsgr.com>
**Sent:** Wednesday, April 2, 2025 6:45:12 PM
**To:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Cc:** Diles, Heather <hdiles@wsgr.com>; GTMiddeskTeam <GTMiddeskTeam@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>

**Subject:** Re: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

The court did not order the expedited discovery. The court set an April 15 hearing date and gave defendants until April 9 to submit their opposition to Plaintiff's request for expedited discovery.

Sent from my iPhone

On Apr 2, 2025, at 6:39 PM, victorj@gtlaw.com wrote:

EXT - victorj@gtlaw.com

Much appreciated.

GT is looking at the revisions to the proposed stipulated order.

The court has now ordered all of the expedited discovery requested in full so I don't think/understand what there is to discuss there.

If your clients have a specific counter proposal to the outstanding request for computer forensics, GT will consider it. The current demand is within the Order to Show Cause.

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image001.png>

**From:** Gorman, Matt <mgorman@wsgr.com>
**Sent:** Wednesday, April 2, 2025 6:31 PM
**To:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Cc:** Diles, Heather <hdiles@wsgr.com>; GTMiddeskTeam <GTMiddeskTeam@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>
**Subject:** Re: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Hi Justin,

I just received approval from Mr. Awad that we are authorized to accept service of the Complaint and Order on behalf of he and Baselayer. You can consider both items served as of today. I trust that now this issue is out of the way we will receive a response to our proposed changes to the stipulation and we can promptly resume the discussions with Heather from yesterday and Friday. We would like to think those items can be resolved without the need for a hearing with the court.

Sent from my iPhone

On Apr 2, 2025, at 4:59 PM, victorj@gtlaw.com wrote:

EXT - victorj@gtlaw.com

---

Just so I am clear the position remains that you cannot accept service of the order for awad and base layer?

I am asking because this is driving up costs in emergency service of awad and baselswyer for the order as well as all filings.

I would appreciate if we can resolve this.

---

**From:** Diles, Heather <hdiles@wsgr.com>
**Sent:** Wednesday, April 2, 2025 4:25:06 PM
**To:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Cc:** GTMiddeskTeam <GTMiddeskTeam@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Gorman, Matt <mgorman@wsgr.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Justin,

First, we can confirm that Mr. Awad and Baselayer reviewed and approved the edits to the stipulation.  So let us know your comments on that when you have them.

Second, we want to try to be as transparent as we can here but there are obviously things I cannot reveal about our firm's representation of Baselayer, which we hope you can respect. Unfortunately, I still do not have an answer for you on service although I would hope to be able to provide clarity on that soon. Notwithstanding this, and the fact that we disagree that there is any real urgency here given the circumstances (and reserve all rights, defenses, and arguments on this point), we understand that your client believes this is time sensitive so we are trying to keep things moving. We also want to see if there remains a path to resolution given that seems to be the case based on our last two calls. In that vein, we have been authorized to try to reach an agreement on the stipulation and negotiate the forensic review/discovery requests on behalf of Baselayer and Mr. Awad as part of a potential resolution.  We hope this helps.

We also saw your other email about the court's order.  Can you let us know asap if you are amenable to pausing the order to show cause in light of our negotiations on the

specific items sought in the order?  We had understood from previous communications that agreeing to the stip would start the process of our overall negotiations while slowing the need for immediate court intervention (which, not to belabor the point, we do not believe is necessary in the first place).  Let us know your thoughts.

Thanks,
Heather

<image002.png>              **Heather Diles | Associate | Wilson Sonsini Goodrich & Rosati**

                          1301 Avenue of the Americas | New York, NY 10019-6022

                          212.497.7723 | hdiles@wsgr.com

---

**From:** victorj@gtlaw.com <victorj@gtlaw.com>
**Sent:** Wednesday, April 2, 2025 12:55 PM
**To:** Diles, Heather <hdiles@wsgr.com>
**Subject:** FW: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

EXT - victorj@gtlaw.com

---

Sorry I left you off the email directed to you!

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Victor, Justin K. (Shld-ATL-LT)
**Sent:** Wednesday, April 2, 2025 12:29 PM
**To:** GTMiddeskTeam <GTMiddeskTeam@gtlaw.com>
**Cc:** Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Gorman, Matt <mgorman@wsgr.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Heather:

Thank you. We will review.

By agreeing to stipulate to an order like that can you now confirm that your firm represent Awad and Baselayer and you will accept email service of the Complaint and other documents going forward?

-Justin

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Diles, Heather <hdiles@wsgr.com>
**Sent:** Wednesday, April 2, 2025 11:40 AM
**To:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Cc:** Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>; Gorman, Matt <mgorman@wsgr.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Counsel,

Please find attached the revised stipulation, clean and redlined.  While this is still subject to review by Baselayer and Mr. Awad, we are sending this over now in the interest of time to expedite review.

Best,
Heather

<image002.png>            **Heather Diles | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019-6022
212.497.7723 | hdiles@wsgr.com

---

**From:** Gorman, Matt <mgorman@wsgr.com>
**Sent:** Tuesday, April 1, 2025 10:03 PM
**To:** Jason.Burns@gtlaw.com; victorj@gtlaw.com
**Cc:** Shira.Poliak@gtlaw.com; Rick.Bold@gtlaw.com; Diles, Heather <hdiles@wsgr.com>

**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

We are not authorized to accept service at this time but as Heather noted we are willing to continue the discussions from Friday to see how this matter can be resolved. We are not playing games simply because we cannot give you the specific answer you are looking for right now.

It is interesting that you mention playing games, however, since it appears that is exactly what Middesk is doing. You initially informed us on March 14 that you had taken over Middesk's representation. Despite the supposed urgency around this situation, we did not hear from you again until last Thursday and the first time we even spoke was on Friday. You never mentioned any of the allegations against Mr. Awad relating to his time at Middesk, nor did you give any indication that the purpose of the discussions was anything other than trying to resolve the concerns around Mr. Leviloff's short-lived employment with Baselayer. Now, it turns out Middesk was preparing a lawsuit this whole time and wants to obtain excessive expedited discovery even though Mr. Awad has not worked there in over two years and Mr. Leviloff has been on leave from Baselayer for weeks.

We are nonetheless open to seeing if this matter can be resolved and, to that end, we are trying to address the professed concerns from your client. That being said, I am not sure how much there is to discuss if you are just going to insist on receiving all the expedited discovery sought in the OTSC, which, to be clear, we believe is objectionable on numerous grounds, including the fact that the motion fails to justify the need for any expedited discovery whatsoever. We understand your client has concerns about what information may be in Mr. Awad's and Baselayer's possession and so we are willing to work with you to see if we can agree on a third-party forensic examination of certain accounts and devices for potential remediation. We would also consider providing additional, specific information if you tell us exactly what Middesk thinks it needs and why. This all needs to coincide with an understanding that Middesk will not move forward with the Order to Show Cause, and will not set or seek a hearing date on that or any motion for injunctive relief, while the parties are working through this issue and determine if there is a path to resolution.

Let us know.

**Matthew D. Gorman | Partner | Wilson Sonsini Goodrich & Rosati**
One Boston Place, 201 Washington Street, Suite 200 | Boston, MA 02109
direct: 212.497.7786 | mobile: 315.945.0236 | mgorman@wsgr.com

---

**From:** Jason.Burns@gtlaw.com <Jason.Burns@gtlaw.com>
**Sent:** Tuesday, April 1, 2025 6:12 PM
**To:** victorj@gtlaw.com; Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Shira.Poliak@gtlaw.com; Rick.Bold@gtlaw.com
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

EXT - jason.burns@gtlaw.com

---

Hi Heather –

As a follow up to Justin's email, we're asking for Mr. Awad and Baselayer to consent to immediate service by email to their counsel.  We're not asking for a waiver of service via Rule 4(d).  If you won't confirm, we'll move forward with service by another method.

Jason

**Jason Burns**
Shareholder

Greenberg Traurig, LLP
One Vanderbilt Avenue | New York, NY 10017
T +1 212.801.9294  |  C  917 509 4561
Jason.Burns@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image005.png>

---

**From:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>
**Sent:** Tuesday, April 1, 2025 5:41 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Heather:

I perplexed by this position since I have never encountered it before.

Your firm is claiming that it is authorized to negotiate on behalf of both clients for purposes of computer forensics, expedited discovery and a stipulated TRO, but your firm also can is refusing to accept service or concede your represent both the parties you are negotiating for.

We will get you the appropriate waiver of service, but I would much prefer we stop playing games. We are going to move forward with service.

Please let us know as soon as possible if Baselayer and Award will stipulate to the TRO, given the computer forensics the ask here is as vanilla as it gets since you hired a Middesk employee given a Baselayer layer computer and with access to Baselayer systems who copied Middesk's confidential information (at the direction of Baselayer's CEO).

As I stated on the call, agreement to computer forensics will not cut it alone, and per the motion to show cause any situation will need to include phased expedited discovery and PI schedule if the matter does not resolve.

-Justin

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Diles, Heather <hdiles@wsgr.com>
**Sent:** Tuesday, April 1, 2025 4:33 PM
**To:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Justin,

Thanks for the call earlier.

As I hope you can appreciate, determining representation for a newly filed lawsuit is not necessarily an instantaneous thing. We unfortunately cannot confirm our firm's representation for purposes of the lawsuit at this point, however, we can confirm that we have the authority right now on behalf of Baselayer and Mr. Awad to try to work through the initial points we've discussed (and below). We cannot make any representation right now on accepting service either. We do note that the request to waive service does not comply with FRCP Rule 4(d), including that defendants must be given at least 30 days to return any waiver.

To that effect, we have sent the proposed stipulation to Mr. Awad and while as you acknowledge, we will likely have some edits to propose, we are willing to see if we can reach an agreement on the terms contained therein. I do have to say though that we do not see any grounds for seeking a TRO at this point given the current state of affairs,

including the fact that Mr. Leviloff is not currently working for Middesk and Mr. Awad left the company more than 2 years ago.

Finally, as previewed, Baselayer and Mr. Awad are open to working out a forensic review of certain devices and accounts to be conducted by a third-party forensic analyst jointly agreed upon by the parties.  We do not believe that any further discovery would be necessary or appropriate at this early stage but we are willing to consider potential additional discovery from both parties once the forensic review is complete.  These steps would only proceed once we have Middesk's confirmation that it is not moving forward with the Order to Show Cause and will not set or seek a hearing date on that or any motion for injunctive relief while the parties are working through the potential forensic review and any additional preliminary discovery.

We will be in touch soon with a markup of the proposed stipulation. We will also provide a proposal for the third-party forensic review of Baselayer's and Mr. Awad's accounts and devices if you confirm Middesk's agreement with the condition noted above.

Thanks,
Heather

<image002.png>

**Heather Diles | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019-6022
212.497.7723 | hdiles@wsgr.com

**From:** victorj@gtlaw.com <victorj@gtlaw.com>
**Sent:** Tuesday, April 1, 2025 2:39 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Jason.Burns@gtlaw.com; Shira.Poliak@gtlaw.com; Rick.Bold@gtlaw.com
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

EXT - victorj@gtlaw.com

Thank you for your time Heather.

As we discussed, please let us know today whether your firm represents Awad. If not, GT needs to reach out to him directly as an unrepresented party to ensure he has a copy of all the pleadings and to discuss service with him directly.

Also, please advise today whether you will accept service for Baselayer and Awad (if you represent him).

Finally, Middesk may be amenable to negotiating an expedited discovery schedule in tiers if your clients agree to stipulate to not use confidential/trade secret information (without admitting your clients have any) during that process.

-JV

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Victor, Justin K. (Shld-ATL-LT)
**Sent:** Tuesday, April 1, 2025 1:00 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Understood. Talk soon.

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Diles, Heather <hdiles@wsgr.com>
**Sent:** Tuesday, April 1, 2025 12:58 PM
**To:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>

**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

I can speak at 2pm.

Also a heads up that since we only received the filings late last night/this morning, we have not yet been able to determine whether we represent Mr. Awad individually or whether we can accept service.

<image002.png>    **Heather Diles | Associate | Wilson Sonsini Goodrich & Rosati**

1301 Avenue of the Americas | New York, NY 10019-6022

212.497.7723 | hdiles@wsgr.com

---

**From:** victorj@gtlaw.com <victorj@gtlaw.com>
**Sent:** Tuesday, April 1, 2025 12:55 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Jason.Burns@gtlaw.com; Shira.Poliak@gtlaw.com; Rick.Bold@gtlaw.com
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

EXT - victorj@gtlaw.com

---

I sent an invite for 2pm so I don't get booked over.

If that does not work let me know times that work for you and I will move things around.

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Victor, Justin K. (Shld-ATL-LT)
**Sent:** Tuesday, April 1, 2025 12:48 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>

**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

I am available at 1pm and 2pm.

Do either of these times work for you?

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Diles, Heather <hdiles@wsgr.com>
**Sent:** Tuesday, April 1, 2025 12:43 PM
**To:** Victor, Justin K. (Shld-ATL-LT) <victorj@gtlaw.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

**\*EXTERNAL TO GT\***

Can we set up a time to speak today?  Let us know what time(s) work for you.

<image002.png>    **Heather Diles | Associate | Wilson Sonsini Goodrich & Rosati**
1301 Avenue of the Americas | New York, NY 10019-6022
212.497.7723 | hdiles@wsgr.com

---

**From:** victorj@gtlaw.com <victorj@gtlaw.com>
**Sent:** Tuesday, April 1, 2025 11:52 AM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Jason.Burns@gtlaw.com; Shira.Poliak@gtlaw.com; Rick.Bold@gtlaw.com
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

EXT - victorj@gtlaw.com

Counsel:

I would appreciate if at the least you can tell me: 1) whether or not you represent Defendant Awad; and 2) whether you can accept service.

Best,
Justin

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

---

**From:** Victor, Justin K. (Shld-ATL-LT)
**Sent:** Monday, March 31, 2025 10:58 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>
**Subject:** RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief

Counsel:

As promised, attached please find a Show Cause Order and accompanying documents.

I have also attached a proposed stipulated order based on the representation that Baselayer has no interest in using Middesk's confidential information and/or trade secrets.

In addition to advising as to: 1) whether you accept service; 2) represent Defendant Awad, please advise by noon tomorrow whether Baselayer (and Awad if you represent him) will stipulate to limited order in line with prior representations regarding Middesk's confidential information.

If Baselayer refuses to agree to the stipulation it is Middesk's intention to file a supplemental Show Cause Order for such protection based on such refusal.

-Justin

**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

<< File: 2025.03.31 [00007-000] PROPOSED ORDER TO SHOW CAUSE WITHOUT EMERGENCY RELIEF..pdf >>  << File: 2025.03.31 [00008-000] NOTICE of of Filing Memorandum of Law In Support of Order to.pdf >>  << File: 2025.03.31 [00009-000] NOTICE of Filing Declaration of J. Burns in Support of.pdf >>  << File: 2025.03.31 [00009-001] Exhibit A - Awad Requests to [00009] NOTICE of of Filing.pdf >>  << File: 2025.03.31 [00009-002] Exhibit B - Baselayer Requests to [00009] NOTICE of of Filing.pdf >>  << File: 2025.03.31 [00009-003] Exhibit C - Leviloff Requests to [00009] NOTICE of of Filing.pdf >>  << File: 2025.03.31 [00009-004] Exhibit D - Deposition Notices to [00009] NOTICE of of Filing.pdf >>

<< File: 2025.3.31 Middesk Proposed Stipulated Order(709282111.1).docx >>

_____

**From:** Victor, Justin K. (Shld-ATL-LT)
**Sent:** Monday, March 31, 2025 9:55 PM
**To:** Diles, Heather <hdiles@wsgr.com>; Gorman, Matt <mgorman@wsgr.com>
**Cc:** Burns, Jason (Shld-NY-Labor-EmpLaw) <Jason.Burns@gtlaw.com>; Poliak, Shira (Assoc-NY-Labor-EmpLaw) <Shira.Poliak@gtlaw.com>; Bold, Rick (Shld-ATL-LT) <Rick.Bold@gtlaw.com>
**Subject:** FW: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Verified Complaint and Exhibits
**Importance:** High

Counsel:

Attached please find a Verified Complaint and accompanying exhibits that were filed this evening.

Please advise if you are authorized to accept service on behalf of Defendants Baselayer and Mr. Awad.

Later this evening I will be circulating an Order to Show Cause and proposed stipulated order.

-Justin


<< File: 1.pdf >> << File: 1-1.pdf >> << File: 1-2.pdf >> << File: 1-3.pdf >>
**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

<image004.png>

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and

permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.