# EXHIBIT C

| | |
|---|---|
| **From:** | Victor, Justin K. (Shld-ATL-LT) |
| **Sent:** | Sunday, April 6, 2025 5:56 PM |
| **To:** | Gorman, Matt; Diles, Heather |
| **Cc:** | GTMiddeskTeam |
| **Subject:** | Middesk Response to Defendants Request to Limit Scope of Computer Forensics and Expedited Discovery |

Matt:

I am writing in response to the proposal from Baselayer and Awad ("Defendants") to limit the scope of computer forensics and expedited discovery requested by Middesk. While we appreciate Defendants' offer, it does not adequately address Middesk's serious concerns and remains deficient in several critical areas.

To better understand why Middesk cannot accept Defendants' limitations, we've listed *some* of the key undisputed facts that support and justify both the expedited discovery and immediate computer forensics requested in Middesk's Order to Show Cause.

| **Fact** | **Source** |
|---|---|
| Baselayer is currently in possession of multiple Middesk documents taken by Awad. | Admission through Defendants' counsel on April 4, 2025; Middesk's initial review of Awad's email activity |
| Awad personally directed Leviloff to collect information and documents while Leviloff was employed by Middesk; Leviloff followed this instruction and obtained the specific information requested by Awad from Middwesk under false pretenses; Leviloff disclosed confidential information to Awad. | Middesk's preliminary investigation and computer forensics |
| Leviloff downloaded and copied Middesk confidential information before leaving Middesk onto a device that is not a Middesk device. | Middesk's preliminary investigation and computer forensics |

1

| | |
|---|---|
| Leviloff remains employed by Baselayer. Baselayer placed him on leave only after receiving a cease and desist letter from Middesk. Prior to placing him on leave, Baselayer provided Leviloff with a Baselayer computer and with access to Baselayer's systems and email. | Admissions from counsel for Leviloff and Baselayer. |

The timing of the recent disclosure of possession of Middesk information by both Awad and Baselayer demands is very concerning.

With these facts in mind, there are three general reasons why Middesk cannot accept the limitations in Baselayer's proposal:

First, the proposal does not allow for expedited depositions of Awad Baselayer. While computer forensics and written discovery will tell some of the story, Middesk cannot uncover the extent of Defendants' conduct, or to remedy the damages caused by Defendants, without questioning Defendants under oath. Deposition are critical, for instance, to identify the confidential and trade secret information misappropriated by Baselayer and Awad, including information shared verbally and any information previously possessed but since deleted by Defendants.. Leviloff was recruited and hired by Baselayer, and in regular communication with Awad, while Leviloff had possession and access of Middesk's trade secret and confidential information. As a result, discovery cannot be limited to an exchange of documents. Instead, Middesk must be permitted to probe Baselayer and Awad about any information shared verbally. Additionally, because Awad and Baselayer admittedly are in possession of Middesk information and documents, depositions are needed to understand how those documents have been used, where they have been stored, and who else has had access to them (both inside and outside Baselayer).

Second, the significant limits on computer forensics proposed by Defendants will likewise impede Middesk's efforts to protect its business. Given what has come to light so far, Middesk cannot merely rely on Awad and Baselayer to self-select what gets reviewed. Middesk first raised its concerns with Baselayer and Awad on over a month ago. And yet Awad did not disclose his possession of Middesk documents until weeks late, and only after Middesk spent significant resources to obtain emergency relief from the Court. The only way for the Court and Middesk to understand the: 1) timing 2) scope; and 3) nature of Defendants' use of Middesk's confidential and trade secret information is for IDS (or another third-party vendor) to have full access to the devices and systems used by Awad, Baselayer, and Leviloff and to conduct an appropriately thorough examination of those devices and systems. Please note that GT is willing to

agree to a protocol to ensure that all parties privileged/confidential information is protected.

Third, Defendants' proposal does not include a schedule for a preliminary injunction hearing and briefing. Based on the information uncovered already, Middesk intends to move for a preliminary injunction. The sequence of events proposed in the Order to Show Cause is intended to ensure the Court has all relevant information to craft appropriately tailored relief at the time of the hearing. We are confident additional discovery will only further cement Middesk's need for expedited relief.

Fourth, there are also other items that are critical and not addressed. For example, they don't cover Leviloff's Baselayer electronics and Baselayer accounts. They should be covered as Baselayer is true custodian of those items. Additionally, one of the very specific demands is for Defendant Awad's Apple ID information. In order to run complete computer forensics on Defendant Awad's old Middesk computer it appears that this information is needed.

We remain available to discuss.

Best,
Justin


**Justin K. Victor**
Shareholder

Greenberg Traurig, LLP
3333 Piedmont Road NE | Suite 2500 | Atlanta, GA 30305
T +1 678.553.2169 | C + 1 248.563.7754
victorj@gtlaw.com  |  www.gtlaw.com  |  View GT Biography

