# EXHIBIT E

**SUPPLEMENTAL DECLARATION OF JULIAN ACKERT**

I, Julian Ackert, hereby declare as follows:

**Background and Professional Qualifications**

1. I am a Managing Director at iDiscovery Solutions, Inc., ("iDS"), an expert services and consulting firm that provides independent computer forensics, electronic discovery expert testimony and analysis, original authoritative studies, and strategic consulting services to the business and legal community.

2. I have over 20 years of experience in consulting and litigation technologies that focus on electronic discovery and computer forensics. I have a Bachelor of Science degree in Computer Science from the University of Virginia. My curriculum vitae has been previously provided in this matter.

3. I have been provided the following materials.

   a. Declaration of Joshua Leviloff, dated April 3, 2025;

   b. Declaration of Jonathan Awad in Support of Defendants' Response to Plaintiff's Order to Show Cause for Expedited Discovery; and

   c. Email correspondence from Matt Gorman at Wilson Sonsini Goodrich & Rosati ("WSGR") to Jason Burns at Greenberg Traurig ("GT") with a cc to Heather Diles (WSGR), Shira Pollack (GT), and Justin Victor (GT) with subject "RE: Middesk, Inc. v. Osiris Ratings, Inc. d/b/a Baselayer et al (Doc# 1, S.D.N.Y. 1:25-cv-02677): Show Cause Order and Request for Stipulated Relief", dated April 3, 2025.

4. Based on my review of the materials, I understand that Mr. Leviloff has testified that Mr. Awad "had taken "everything" with him" when he left Middesk. I further understand that Mr. Awad has admitted that Middesk data has been in his possession on his personal

1

Google Drive for several years, and up until recently in his possession on his Baselayer Google Drive.

5.   Because Mr. Awad testified that the Middesk data that was on his Baselayer Google Drive was recently deleted, it is important to conduct a preservation and analysis of the contents of that Baselayer Google Drive and the audit logs associated with that Baselayer Google Drive as soon as possible, as information in the audit log related to the access of and deletion of those Middesk files may also be deleted in short order.

6.   While Mr. Awad's counsel has offered a forensic review of four data sets, his personal Google Drive, his Baselayer Google Drive, his Baselayer email, and a forensic image of his Baselayer laptop, a forensic review of only these four devices is insufficient to determine the full extent of Middesk data in Mr. Awad's possession and what may have been done with this Middesk data, including access, opening, editing and deleting Middesk data.  This is because the Middesk data that has been in his possession is on Mr. Awad's personal Google Drive and was on Mr. Awad's Baselayer Google Drive.   Data from Google Drive can be accessed and downloaded from *any* device connected to that Google Drive, including but not limited to Mr. Awad's:

   a.   Personal laptops and desktops;

   b.   Personal phones;

   c.   Baselayer laptops and desktops;

   d.   Baselayer phones;

   e.   USB devices that may have been connected to personal laptops and Baselayer laptops; and

f.      Email accounts that have sent or received data from his personal Google Drive or

his Baselayer Google Drive.


I reserve the right to supplement or amend these findings and/or opinions should new

information become available.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of April 2025 in Washington, D.C.


_____

Julian Ackert