# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Middesk, Inc.**<br><br>　　　　　**Plaintiff,**<br><br>　　v.<br><br>**Osiris Ratings, Inc. d/b/a Baselayer, and**<br><br>**Jonathan Awad, and**<br><br>**Josh Leviloff,**<br>　　　　　**Defendants.** | CIVIL ACTION NO. 1:25-cv-02677<br><br>**[PROPOSED] REVISED ORDER TO SHOW CAUSE FOR EXPEDITED DISCOVERY AND TO SCHEDULE AN EVIDENTIARY HEARING IN SUPPORT OF PLAINTIFF'S REQUEST FOR A PRELIMINARY INJUNCTION** |

Upon review of Plaintiff's Verified Complaint, Declaration of Jason D. Burns, Declarations of Julian Ackert, Declaration of Defendant Josh Leviloff ("Leviloff"), Declaration of Jonathan Awad the supporting memorandum of law, and all exhibits submitted by the parties:

ORDERED, that Defendants Osiris Ratings, Inc. d/b/a Baselayer and Jonathan Awad ("Awad") shall make available for forensic examination the following devices and/or data sources of information (the "Data Sources"), which are identified in Plaintiff's memorandum of law and Declaration of Jason Burns, by no later than five (5) business days of the date of this Order:

- Awad's personal Google Drive identified within the Awad Declaration. Dkt. 33-1 at ¶ 23.

- Awad's Baselayer Google Drive identified within the Awad Declaration. Dkt. 33-1 at ¶ 23.

- Email accounts that have sent or received data from Awad's personal or Baselayer Google Drive. Dkt. 33-1 at ¶ 23.

- Awad's personal computer.

- Awad's Baselayer computer.

- Awad's Apple ID associated with his Gmail account, including the full email address and password;

- Awad's device(s) used to communicate with Leviloff, including any cell phone.

- Leviloff's Baselayer email.

- Leviloff's Baselayer computer.

*See* Declaration of Julian Ackert attached to Complaint and April 10, 2025 Supplemental Declaration of Julian Ackert.

ORDERED that because good cause and reasonableness is shown, Plaintiff's request for expedited discovery is granted, and:

**A.** Defendants shall respond to the following expedited discovery requests within five (5) business days days of the Court's Order:

**Document Requests**

To Awad: 1. All documents about or communications with Leviloff since January 1, 2025 relating to Middesk, Baselayer, or Middesk Documents or Information. "Middesk Documents or Information" means any document or information, other than any document or information provided directly by an authorized Middesk employee: (i) drafted by Middesk, (ii) containing Middesk metadata, or (iii) relating to, containing, incorporating, or discussing non-public information about Middesk's products, vendors, customers, or business strategies, or otherwise reflecting Middesk's confidential or proprietary information and/or trade secrets.

2. All "Middesk Documents or Information" in your possession, custody or control.

To Baselayer: 1. All documents and communications relating to (i) Leviloff's hiring and employment by Baselayer, including but not limited to any investigation of Leviloff relating to the allegations in the Complaint and the decision to place Leviloff on a leave of absence, or (ii) Leviloff's knowledge of Middesk Documents or Information.

2. All documents or communications relating to (i) Middesk Documents or Information or (ii) any receipt, or attempt to receive or obtain, Middesk Documents or Information from any current or former Middesk employee, including Leviloff.

3. All "Middesk Documents or Information" in your possession, custody or control and all communications about "Middesk Documents or Information."

**Interrogatories**

To Awad: 1. Identify all business and personal devices, cloud storage, email or cell phone accounts, and other data sources used by Awad since January 1, 2025.

2. Identify and describe any receipt, or attempt to receive or obtain, Middesk Documents or Information from any current or former Middesk employee, including Leviloff.

To Baselayer: 1. Identify all devices, cloud storage, email or cell phone accounts, or other data sources issued to or used by Awad or Leviloff for Baselayer business since January 1, 2025.

2. Identify all Baselayer employees who communicated with Leviloff since January 1, 2025, and, for each such Baselayer employee, identify any Baselayer devices, email account, or data storage system to which they had access.

B. Plaintiff shall initially cover the cost of the forensic examination of the Data Sources, subject to Plaintiff's ability to seek to recover those costs.

C. Each Defendant shall appear for a three hour or less deposition within twenty-one (21) days after the Defendants' deadline to respond to the expedited discovery requests set forth in Section A of this Order, at the offices of Plaintiff's counsel, Greenberg Traurig LPP, One Vanderbilt Avenue, New York, New York 10017; and it is further

ORDERED that the Court will conduct an evidentiary hearing in this matter pursuant to the below schedule:

| EVENT | DEADLINE |
|---|---|
| Plaintiff's Opening Brief in Support of Motion for Preliminary Injunction Due | |

| Defendants' Response Brief Due | |
|---|---|
| Plaintiff's' Reply Brief Due | |
| Preliminary Injunction Hearing | _____, 2025 |

ORDERED that nothing herein shall supersede or alter the Orders entered by the Court on [DATES] [CITE STIPULATED TROs]:

IT IS SO ORDERED

Dated: _____, 2025

_____
Hon. P. Kevin Castel, U.S.D.J.

ACTIVE 709881757v1