# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Middesk, Inc.** | CIVIL ACTION NO.  1:25-CV-02677-PKC |
| **Plaintiff,** | |
| **v.** | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| **Osiris Ratings, Inc. et al.,** | |
| **Defendants.** | |

WHEREAS, Plaintiff Middesk, Inc. ("Plaintiff" or "Middesk") and Defendants Osiris Ratings, Inc. d/b/a Baselayer ("Baselayer"), Jonathan Awad ("Awad"), and Josh Leviloff ("Leviloff") (together, the "Defendants"), each a party to the above-captioned action ("Action"), may seek discovery of documents, information, or other materials that may constitute or contain trade secrets or other confidential research, development, or commercial information of the parties or third parties within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") or that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights and as set forth below; and

WHEREAS, the parties, through their respective counsel, stipulate that good cause exists for the entry of this Protective Order pursuant to Fed. R. Civ. P. 26(c) to protect against improper disclosure or use of confidential information produced or disclosed in this Action.

NOW THEREFORE, pursuant to Fed. R. Civ. P. 26(c), upon the stipulation and consent of the parties and for good cause shown, the Court hereby ORDERS that:

1.     **Scope of Protective Order**.  This Protective Order shall apply to all information designated pursuant to ¶ 4 of this Protective Order, including documents and things produced or within the scope of discovery in this Action, all deposition testimony, documents or things produced

in response to requests for the production, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as hearing or trial transcripts, matters in evidence, pleadings and other documents filed with the Court, and any other information furnished, directly or indirectly, by or on behalf of any party to this Action or any Third Party to the extent such material is designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" in accordance with ¶ 2 of this Protective Order.

This Protective Order shall also govern any designated record of information produced in this Action pursuant to required disclosures under any federal procedural rule or Southern District of New York local rule, and any supplementary disclosures thereto.

2.     **Definitions**.   The following terms, as used herein, shall have the following meanings:

a.     "CONFIDENTIAL INFORMATION" means all information, in any form, that constitutes "confidential research, development or commercial information" within the meaning of Fed. R. Civ. P. 26(c)(1), as well as all information that is not generally known to the public or to competitors and that relates to technical information, commercial information, proprietary business information, product research, product development, employment information, product manufacturing, financial performance (whether historical or future), marketing, sources of supply, or strategic planning, any information the disclosure of which would, in the good faith judgment of the producing party, be detrimental to the conduct of that producing party's business or its customers or clients, or any information of or about a Third Party, including parents, subsidiaries and/or affiliates, which the Party is under an obligation to keep confidential.  The designation of "CONFIDENTIAL INFORMATION" by the producing party constitutes a representation of that

party that it reasonably and in good faith believes that the designated material constitutes, contains, reveals, relates to, or reflects the information described in this paragraph.

b.      "HIGHLY CONFIDENTIAL INFORMATION" means all information, in any form, which the designating party reasonably and in good faith believes is "CONFIDENTIAL" as set forth under ¶ 2(a) above and contains highly sensitive commercial, financial, or trade secret/proprietary information that the designating party reasonably, and in good faith, believes the disclosure of which, absent the protections of this Protective Order, would likely have a significant effect on, or harm, its business, its current or future business strategies or decisions, or its competitive position.  The parties agree to work in good faith and utilize their best efforts to handle such information appropriately to restrict the improper dissemination of trade secrets and other HIGHLY CONFIDENTIAL INFORMATION.

c.      "Third Party" or "Third Parties" means any person or entity who is not a named party in this Action.

3.      **Third Parties under the Protective Order**.  If a Third Party provides discovery to any party in connection with this Action, and if the Third Party so elects, then the provisions of this Protective Order shall apply to such discovery, and the parties will treat all information that is produced by such Third Party in accordance with the terms of this Protective Order to the extent it is designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION.  If any party serves any discovery or a subpoena upon a Third Party, the serving party will concurrently provide the Third Party with a copy of this Protective Order.  Under such circumstances, the Third Party shall have the same rights and obligations under this Protective Order as held by the parties to this Action.  Because Third Parties may be requested to produce documents containing information that a party considers CONFIDENTIAL or HIGHLY CONFIDENTIAL, all documents produced by a Third Party in this Action shall be treated as if designated CONFIDENTIAL or HIGHLY

CONFIDENTIAL INFORMATION hereunder for a period of seven (7) days after production to allow the parties time to review the documents and make any appropriate designations hereunder.

4.    **Designations and Redactions**.   Each party shall have the right to designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, subject to this Protective Order.   To the extent that material is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, such material shall only be revealed to or used by limited categories of individuals, as provided for herein, and shall not be communicated or disclosed in any manner, either directly or indirectly, to any person or entity except as provided herein.  Any copies of such material, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall also be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION, and the same terms regarding confidentiality of these materials shall apply as applied to the originals.   The procedures for designating materials as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION are as follows:

a.    **Designation of Documents and Things**.  The parties and any Third Parties shall label or mark each page of each document and thing that constitutes or contains CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or otherwise mark or designate in writing that the materials contain CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION and are subject to the Protective Order when the document or thing is produced to the receiving party. Anything that cannot be so marked shall be designated by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  Each page of each document produced pursuant to discovery in this Action shall also bear a unique identifying number.

Documents and things produced without "CONFIDENTIAL INFORMATION," "HIGHLY CONFIDENTIAL INFORMATION," or other applicable legends shall not be subject to this Protective Order unless otherwise agreed by the parties, ordered by the Court, or otherwise designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION in accordance with the provision of ¶ 9 of this Protective Order.

Only persons eligible under ¶¶ 13-14 may receive HIGHLY CONFIDENTIAL INFORMATION. Such persons shall initially treat all information obtained during or from any inspection as containing HIGHLY CONFIDENTIAL INFORMATION until such time as copies of documents or things from the inspection are produced, and, thereafter, such produced documents and things shall be treated in accordance with any confidentiality designation appearing on the document or thing at the time of its production.

b.      **Designation of Interrogatories, Requests for Admission, and Written Testimony**. Any response to written interrogatories or requests for admission or any testimony adduced at a deposition upon written questions (or any portion of any of the foregoing) that constitutes or contains CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall be labeled or marked by the party providing the response or testimony as containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.

c.      **Designation of Deposition Transcripts**. Deposition transcripts containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION may be designated as subject to this Protective Order either on the record during the deposition or by providing written notice within thirty (30) days following receipt of the official transcripts of the deposition.

d.      **Designation of Hearing Testimony or Argument**. With respect to testimony elicited during hearings and other proceedings, whenever counsel for any party deems that any question or line of questioning calls for the disclosure of CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL INFORMATION, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions. Whenever matter designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is to be discussed in a hearing or other proceeding, any party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled to receive information so designated under this Protective Order.

        e. **Redactions**. Documents and things produced or made available for inspection may be redacted, in good faith by the producing party, of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION that is subject to the attorney-client privilege, work-product immunity, or any other privilege or immunity. Each such redaction, regardless of size, shall be clearly labeled as "Redacted Privilege." This Paragraph shall not be construed as a waiver of any party's right to seek disclosure of redacted information. All documents redacted or withheld in their entirety based on attorney-client privilege, work-product immunity, or any other privilege or immunity shall be listed on a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and exchanged at a mutually agreeable date and time.

    5. **Limitations on Attendance at Depositions**. Counsel for a producing party may request that all persons other than the witness, counsel for the witness (who signs the Undertaking attached as Exhibit A if a non-party witness), the court reporter, the videographer, and those individuals specified in ¶¶ 13-14, as applicable, exit the deposition room during the portion of the deposition that inquires about or discloses subject matter that counsel for the producing party believes to be CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION hereunder. If individuals other than those specified in the previous sentence fail to exit the deposition room during any portion of the deposition that inquires about or discloses what counsel for the producing party believes to be CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION,

counsel for the producing party may seek relief from the appropriate Court and, pending resolution of its request for relief, instruct the witness not to answer questions relating to, or limit disclosure of, the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION at issue.

6.    **Limitations on Attendance at Hearings or Trial**.  Counsel shall confer with the Court regarding procedures to protect the confidentiality of any material marked, labeled, or otherwise designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION that a party or any of its witnesses may use, refer to, disclose, or admit into evidence during trial or any hearing in this Action.

7.    **Proper Use and Disclosure of Designated Information**.  Subject to the limitations and restrictions of this Protective Order, any further order regarding confidentiality that the Court may enter, any material marked, labeled, or otherwise designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order shall be disclosed, disseminated, and used by the receiving party solely for purposes of the prosecution or defense of this Action.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

Material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, and all information derived therefrom, shall be used only by persons permitted access to such information under this Protective Order, shall not be disclosed by the receiving parties to any party or person not entitled under this Protective Order to have access to such material, and shall not be used by the receiving parties for any purpose other than in connection with this Action, including without limitation for any research, development, manufacture, patent prosecution or other patent proceedings, financial, commercial, marketing, regulatory, business, or other competitive purpose (except for settlement of the above-captioned Action).

8.    **Storage of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION**.  The recipient of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to their own proprietary information.

9.    **Inadvertent Production of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION**.  If a party inadvertently produces or provides discovery of any CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION without labeling or marking it as provided in this Protective Order, the producing party may give written notice to the receiving party or parties, within ten (10) business days after becoming aware of the inadvertent production, that the document, thing or other discovery information, response or testimony is CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Protective Order.  The producing party will also provide copies of the properly marked information (*e.g.*, documents, discovery responses, transcripts, things, and/or all other information within the scope of this Protective Order).  Upon receipt of such notice and properly marked information, the receiving party or parties shall return or destroy said unmarked or incorrectly marked information to the extent practicable and not retain copies thereof, and provide certification of the same, and shall undertake a best effort to correct any disclosure of such information contrary to the redesignation.  Prior to receipt of such notice, disclosure of such documents, things, information, responses and testimony to persons not authorized to receive CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall not be deemed a violation of this Protective Order. Any person who received CONFIDENTIAL

and/or HIGHLY CONFIDENTIAL INFORMATION prior to such notice shall execute the Undertaking in Exhibit A, which shall be sent via email to counsel for the producing party.

10.    **Limitations on Advice to Clients**.  It is understood that counsel for a party may give advice and opinions to their client based on their evaluation of designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION received by the party, provided that such rendering of advice and opinions shall not reveal the content of such information, except by prior written agreement with counsel for the producing party.

11.    **Discovery of Third-Party Information**.  A party in this Action may temporarily withhold production of otherwise discoverable information sought in a discovery request (*e.g.*, interrogatory, request for production, request for admission) if the party is under an obligation to a third party not to disclose such information (*e.g.*, by prior agreement of confidentiality).  In such an event (except for information subject to another protective order or confidentiality order by another court), the producing party shall:

    a.    Timely serve a written objection to the production of the requested information on the basis of its obligation to a third party not to disclose such information; and

    b.    Promptly take whatever action is required with respect to the third party whose confidentiality interests are implicated to permit production of the information in the Action.

12.    **Inadvertent Production of Privileged or Work Product Information**. Notwithstanding anything to the contrary in Fed. R. Civ. P. 26(b)(5)(B), the inadvertent production or disclosure of any document or tangible thing (including information) subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or immunity, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claims of privilege or work product immunity.  In such an event, the producing party shall send to each receiving party a written notice, making the claim of privilege concerning the inadvertently

produced or disclosed document or thing and stating the basis for the claim of privilege within a reasonably prompt period of time after becoming aware of such inadvertent or mistaken production. Upon receipt of a written request from the producing party, the receiving party shall make best efforts to return, sequester, or destroy the material over which the producing party claims privilege within five (5) business days. Absent a ruling from the Court to the contrary, the receiving party shall not utilize the information contained in the inadvertently produced documents or things for any purpose or disseminate or transmit such information. Nothing herein limits the receiving party's ability to contest that any such document or thing is protected from discovery by the attorney-client privilege, work product protection, or other privilege or protection from discovery. The party claiming the privilege or immunity shall have the burden of proving that such privilege or immunity exists.

13.    **Access to CONFIDENTIAL INFORMATION**.  Material marked, labeled or otherwise designated CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as CONFIDENTIAL INFORMATION hereunder, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to the following individuals:

a.    Litigation counsel of record in this Action, and their partners, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities in connection with the prosecution or defense of this action require access to material designated CONFIDENTIAL INFORMATION.

b.    For party, up to one (1) in-house counsel with legal functions (or, if a party does not have in-house counsel, then one employee designated by the party, who is not the Chief Executive Officer, who is assisting outside counsel in the Action) and who, for the duration of

this Action and for 18 months after the later of: (i) the last access or review of CONFIDENTIAL INFORMATION, or (ii) termination of this Action (including any appeals), will not have decision-making responsibility for product design, business development, marketing, or commercial pricing, provided that outside counsel have identified these individuals via email correspondence and provide executed Undertakings (Exhibit A) for each designee to opposing counsel.  Support staff and paralegals must also execute the Undertaking in Exhibit A.

       c.     Outside consultants or experts and their staff retained by the parties or their attorneys for purposes of this Action, who are not objected to pursuant to ¶ 15, and who first agree to be bound by the terms of this Protective Order.  Consultants, experts, their associates, assistants, staff or any couriers need to execute the Undertaking in Exhibit A pursuant to ¶ 15.

       d.     The Court before which this Action is pending and its authorized staff.

       e.     Court reporters, videographers, and their respective staffs employed in connection with this Action.

       f.     Any interpreter hired by the parties' outside counsel for the purpose of prosecution or defense of this Action, any typist or transcriber used by the interpreter who first agrees to be bound by the terms of this Protective Order.

       g.     Non-parties specifically retained to assist outside counsel of record with copying and computer services necessary for document handling, trial consultants and mock jurors, other litigation support personnel (*e.g.*, e-discovery vendors, graphic designers and animators, database entry personnel), and other third-party vendors; and

       h.     Any other person as to whom the parties agree in writing.

    14.   **Access to HIGHLY CONFIDENTIAL INFORMATION**.  Material marked, labeled or otherwise designated HIGHLY CONFIDENTIAL INFORMATION as described in this Protective Order shall be deemed and treated as HIGHLY CONFIDENTIAL INFORMATION

hereunder, unless and until the Court rules to the contrary, and access thereto or disclosure thereof shall be limited, unless and until the Court rules that there may be further disclosure, to those persons described in ¶¶ 13(a), (c), (d), (e), (f), (g), and (h) and only on the terms provided therein.

15.    **Retention of Experts and Outside Consultants**.  Disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall not be made to any such outside consultant described in ¶ 13(c) for a period of seven (7) business days after serving the producing party with a signed Undertaking in the form of the annexed Exhibit A.  Concurrent with the disclosure of such an expert/outside consultant, the disclosing party must provide (1) a current resume or *curriculum vitae* of the expert/outside consultant including a listing of all employment or consulting relationships for the last five years, (2) a confirmation that the expert/outside consultant has performed a conflict check and is not aware of any actual or potential conflicts of interest, and (2) a list of legal matters, including in federal and state court and at the United States Patent and Trademark Office, in which he or she has served as a consulting or testifying expert within the last four (4) years.

Counsel for the party providing discovery may, within a seven (7) business day period, serve a notice of objection if a reasonable basis for such objection exists.  If the notice is served, the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION will not be disclosed to such outside consultant until such objection is resolved pursuant to this paragraph.  Within ten (10) business days after service of the objection, if the parties are unable to reach any agreement over the disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION to the expert or consultant, counsel for the objecting party may subsequently move the Court for an order denying disclosure of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION to the outside expert or consultant as to which a notice of objection has been served.  If the objecting party seeks an Order, the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION

shall not be disclosed to the outside expert or consultant until the Court rules or the parties agree that such disclosure may be made.  Failure to object within ten (10) days and in accordance with Local Rule 37.2 and the Individual Practices in Civil Cases for this Court shall operate as a waiver of this objection, unless the parties agree in writing to extend this deadline while meeting and conferring regarding the objection.

16.    **Third-Party Vendors**.  Counsel may use the services of third-party vendors to provide services such as document review, electronic discovery support, computerized legal support, and management services for the purpose of encoding, loading into a computer and storing and maintaining for information control and retrieval purposes, transcripts of depositions, hearing, trials, pleadings, exhibits marked by any party, briefs and accompanying affidavits and appendices, documents produced by any party, or a party's own attorney work product, all of which may contain CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.  The vendor shall return to the party's counsel or confirm destruction of all copies of transcripts or other documents containing CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION within thirty (30) days of the conclusion of this Action, including any Appeals.

17.    **Disclosure to Other Individuals**.  Disclosure of CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION may be made to individuals not identified in ¶¶ 13-14, above, as follows:

a.    CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION may be disclosed to any person not otherwise identified in ¶¶ 13-14 above as agreed in writing by the party that designated such information CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.

b.    Any party may move the Court for an Order that a person not identified in ¶¶ 13-14 above (other than an employee, consultant, or board member of a Party, except as provided

in subsection c. below) be given access to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION after first signing an Undertaking in the form of Exhibit A attached hereto. Counsel for the moving party shall retain the original of each such signed Undertaking.  Service of the Undertaking shall be required.

c.     CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION of a producing party may also be disclosed to and/or used to examine, at deposition and at trial (or other court hearing):  (i) an individual who either prepared, received or reviewed the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION prior to filing of this Action or previously had access  or  knowledge  of  the  CONFIDENTIAL  and/or  HIGHLY  CONFIDENTIAL INFORMATION,  as  demonstrated  on  the  face  of  the  CONFIDENTIAL  and/or  HIGHLY CONFIDENTIAL INFORMATION itself, a producing party's claim, or by foundation testimony elicited during a deposition or at trial; (ii) a currently employed expert of a producing party, and/or; (iii) a witness designated for the producing party under Federal Rule 30(b)(6) concerning any topic to which the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is relevant.

18.    **Confidentiality of Party's Own Documents**.  A party may disclose or use in any manner or for any purpose, any information or documents from that party's own files that the party itself has designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.

19.    **Inadvertent Disclosure**.  If  CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is disclosed or comes into the possession of any person not authorized to receive such information under this Protective Order, the party responsible for the disclosure shall: (a) within three (3) days of becoming aware of such disclosure inform the designating party of all pertinent facts relating to such disclosure, including the identity of the person to whom the inadvertent disclosure was made; (b) use its best efforts to obtain the prompt return of the original and all copies of any such CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION

and to bind such unauthorized person or party to the terms of this Protective Order; (c) within three (3) days of becoming aware of such disclosure, inform such unauthorized person or party of all provisions of this Protective Order; and (d) request such unauthorized person or party to sign the Undertaking in the form attached hereto as Exhibit A. The executed Undertaking shall be served upon counsel of record for the producing party within three (3) days of its execution by the person or party to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION was disclosed. The requirements set forth in this Paragraph shall not prevent the producing party from applying to the Court for further or additional relief. Disclosure made pursuant to this section shall not waive the attorney/client privilege or work product protection and will not be admissible for any purpose.

20.    **Filing Under Seal**. Any information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, if filed with the Court in connection with this Action, shall be filed under seal in accordance with the procedures in Section 5 of the Individual Practices in Civil Cases for this Court.

Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents or portions of documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the

party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Order, indicating the portion or portions of the information it seeks to have sealed. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

In addition, any document that is to be filed with the Court and that contains or discloses CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall be marked "FILED UNDER SEAL" on its cover page.  Material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION and filed under seal shall be maintained in such manner as provided for by the Court.  The burden of proving that such document should be sealed, however, shall at all times remain on the party that designated the information CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION.

21.    **Challenging Designations**.  The acceptance by any party of material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall not constitute an admission or concession, or permit an inference that such material is, in fact, confidential. Any receiving party may at any time request that the designating party cancel or modify the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION designation with respect to any document, object or information.  Such request shall be made to counsel for the designating party in writing, and shall particularly identify the designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION that the receiving party contends is not CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION and the reasons supporting its contention. Within five (5) business days after receipt of such a request, the designating party shall either agree to modify the designation or provide the reasons supporting its contention that the material should remain designated CONFIDENTIAL or HIGHLY CONFIDENTIAL INFORMATION. If

the designating party does not agree to remove the CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION designation, then the party contending that such documents or material are not confidential may, in accordance with the procedures set forth in the [Section 6(B) of the Individual Practices in Civil Cases for this Court] for resolution of discovery disputes, request that the Court remove such material from the restrictions of this Protective Order. The party asserting confidentiality shall have the burden of proving that the material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION warrants protection under this Protective Order.

22. **No Expansion of Federal Rules of Civil Procedure**. Nothing in this Protective Order shall be construed to be an implied admission or to affect or govern the scope of discovery in this Action, or to preclude any party from moving the Court for a further order pursuant to Fed. R. Civ. P. 26(c), or any other provision of the Federal Rules of Civil Procedure. Nothing contained in this Protective Order shall be construed to require production or disclosure of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION deemed by counsel for the party possessing such material to be protected from disclosure by the attorney-client privilege or the attorney work-product immunity, or any other privilege or immunity, so long as the withheld materials are identified in the manner required by the Federal Rules of Civil Procedure by the producing party. This Protective Order, however, shall not prevent the parties from agreeing that certain categories of documents need not be identified, nor shall it prevent one or more parties from seeking relief from the Court if, *e.g.*, identification of individual documents would be unduly burdensome. This Protective Order shall not preclude any party from moving the Court for an order compelling production or disclosure of such material.

23. **New Parties to this Action**. In the event additional parties are added, join, or are joined in this Action, they shall not have access to CONFIDENTIAL and/or HIGHLY

CONFIDENTIAL INFORMATION until all parties agree that the new party will be fully bound by this Protective Order or an alternative protective order is agreed to by all parties and entered by the Court.

24.     **Miscellaneous**.  This Protective Order shall not be construed to prevent any of the parties, or any Third Party, from applying to the Court for relief or further or additional protective orders, or from agreeing between or among themselves to modifications of this Protective Order, subject to the approval of the Court.  The Protective Order shall not preclude the parties from enforcing their rights against any Third Party not associated with this Action who is believed to be violating their rights.

25.     **Other Proceedings**.  By entering this Protective Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a subpoena or motion to disclose another party's information designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION pursuant to this Protective Order shall notify that party of the subpoena or motion before making such disclosure so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

26.     **Publicly Available Information**.  This Protective Order shall not apply to any information of the parties that:  (a) the producing or designating party or parties agree(s) should not be designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION; (b) the producing or designating party or parties agree(s), or the Court rules, is already public knowledge; (c) the producing or designating party or parties agree(s), or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or agents in violation of this Protective Order; or (d) the producing or designating party or parties agree(s), or

the Court rules, has come or shall come into the receiving party's legitimate knowledge or possession independently of the producing party under conditions such that its use and/or public disclosure by the receiving party would not violate any obligation to an opposing party to this Action. The restrictions and obligations set forth herein shall not prohibit discussions of any material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION with any person who already has or obtains legitimate possession thereof.

27. **Survival of Obligations under Protective Order**. With respect to any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, this Protective Order shall survive the final termination of this Action to the extent the information in such material is not or does not become known to the public and continues to be binding upon all persons to whom CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION is disclosed hereunder. Upon final termination of this Action, including all appeals, the outside litigation firm counsel listed herein for each party may retain (a) one (1) copy of all deposition transcripts and exhibits thereto, (b) one (1) copy of all trial or hearing transcripts (including trial or hearing exhibits, and further including demonstratives), (c) one (1) copy of all pleadings and other papers filed with the Court and exhibits thereto, written discovery, and expert reports and exhibits thereto, (d) all correspondence and exhibits thereto, and (e) any documents, things, and copies to the extent they include or reflect the receiving attorney's work product.

Within ninety (90) days after final termination of this Action, including all appeals, except as permitted by this Protective Order, all other copies and samples of material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION and any other summaries, abstracts, excerpts, indices and descriptions of such material, and information derived from such material that are recorded in any tangible form, shall be: (i) assembled and returned (except for any that may be retained by the Court) to the producing party; or, alternatively, (ii) counsel for the

receiving party may certify in writing the destruction thereof. Accordingly, unless otherwise permitted by this Protective Order, upon final termination of this Action, no one other than the outside litigation counsel listed herein shall retain any copies or samples of any material designated CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION. As to CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION stored, as may be applicable, in email, document management systems, or backup tapes or disks, the receiving party shall apply reasonable efforts to delete and/or restrict access to such material.

28.    **Waiver or Termination of Order**. No part of the restrictions imposed by this Protective Order may be waived or terminated, except by an Order of the Court for good cause shown. The restrictions provided for herein shall not terminate upon the conclusion of this Action, but shall continue until further Order of this Court. The termination of employment of any person with access to any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION shall not relieve such person from the obligation of maintaining the confidentiality of such information.

29.    **Modification of Order; Prior Agreements**. This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court. This Protective Order supersedes any agreements between the parties regarding the confidentiality of particular information entered into before the date of this Protective Order.

30.    **Section Captions**. The title captions for each section of this Protective Order are for convenience only and are not intended to affect or alter the text of the sections or the substance of the Order.

31.    **Days**. All references to "days" in this Protective Order shall be construed as calendar days, unless otherwise specifically indicated.

32.    **Order Applicable upon Filing with the Court**.  Upon filing this Protective Order

with the Court, the Parties agree to treat it as "So Ordered," subject to any future modifications by

agreement of the Parties or by the Court.


It is SO ORDERED this _22nd_____ day of _April_, 2025.



_____

UNITED STATES DISTRICT COURT JUDGE


Stipulated by:

_/s/ Jason D. Burns_____
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9294
Facsimile: (212) 801-6400
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com


Justin K. Victor (*phv*)
Fredric J. Bold, Jr. (*phv*)
Rushton Pope (*phv*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Victorj@gtlaw.com
Rick.Bold@gtlaw.com
Rushton.Pope@gtlaw.com


*Counsel for Plaintiff Middesk, Inc.*

_/s/ Matthew D. Gorman_____
Matthew D. Gorman
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
One Boston Place
201 Washington Street, Suite 2000
Boston, MA 020108
Telephone: (617) 598-7800
Facsimile: (866) 974-7329
mgorman@wsgr.com


Heather D. Giles
WILSON SONSINI GOODRICH & ROSATI,
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
hdiles@wsgr.com


*Counsel for Defendants Osiris Ratings, Inc.
and Jonathan Awad*

*/s/ Anthony M. Rainone*
Anthony M. Rainone
BRACH EICHLER LLC
101 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone: (973) 364-8372
Facsimile: (973) 618-5972
arainone@bracheichler.com

*Counsel for Defendant Josh Leviloff*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Middesk, Inc.** <br><br> **Plaintiff,** <br><br> **v.** <br><br> **Osiris Ratings, Inc. d/b/a Baselayer, and** <br><br> **Jonathan Awad, and** <br><br> **Josh Leviloff,** <br> **Defendants.** | CIVIL ACTION NO.  1:25-CV-02677 |

## <u>AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER</u>

I, _____, state that:

      a)     My home address is _____

_____

_____.

      b)     My present employer is _____ and my

present work address is _____

_____

_____.

      c)     My    present    title,    occupation,    or    job    description    is

_____

_____.

      d)     I have read and understand the provisions of the Stipulated Protective Order

entered in this Action, and I will comply with the provisions of that Stipulated Protective Order.  I

consent to be subject to the jurisdiction of this Court for enforcement of this Stipulated Protective Order.

    e) I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, or any summaries, abstracts, or indices of any CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION, that is disclosed to me or that I prepare.

    f) Upon conclusion of the above-captioned Action, including appeal, I will return or destroy all CONFIDENTIAL and/or HIGHLY CONFIDENTIAL INFORMATION – and any summaries, abstracts, and indices thereof, and document or materials that I received or prepared relating thereto – in my possession to outside counsel for the party for whom I was employed, retained, or acted as witness.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

        Print Name: _____

        Signature: _____

        Date: _____

2