**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Middesk, Inc.** | |
| **Plaintiff,** | CIVIL ACTION NO.  1:25-cv-02677-PKC |
| **v.** | Jury Trial Demanded |
| **Osiris Ratings, Inc. d/b/a Baselayer, and** | |
| **Jonathan Awad, and**<br>**Josh Leviloff,** | |
| **Defendants.** | |

**[PROPOSED] STIPULATED ORDER FOR FORENSIC INSPECTION AND
PROTOCOL AGREEMENT BETWEEN MIDDESK AND JOSH LEVILOFF**

WHEREAS Plaintiff Middesk, Inc. ("Plaintiff") and Defendant Josh Leviloff ("Leviloff") have agreed to conduct Computer Forensics (together the "Parties")

WHEREAS, the Plaintiff and Leviloff agree to the following Computer Forensic Protocol.

1.      iDiscovery Solutions, Inc ("iDS") ("Forensic Examiner") will carry out the procedures contained within this Protocol. The Forensic Examiner is engaged specifically for execution of the directives contained within this Protocol.

2.      iDS shall complete this forensic inspection protocol (the "Protocol"),which sets forth the Parties' obligations for the search and inspection of the computers, smart phones, media, electronic storage devices, online document storage repositories, online email accounts or any other physical or virtual location (collectively, "Devices") in the possession, custody, or control of Leviloff, that contained or contain Plaintiff's alleged property, including its alleged proprietary/confidential information, or any evidence, including relevant metadata and forensic artifacts, of the use, disclosure, transfer, access or destruction of Plaintiff's information.

3.      The Devices covered by this Order include:

a.  Personal Cell Phone Make, Model S/N for Leviloff

b.  Personal iCloud accounts for Leviloff

c.  Personal Laptop Make, Model, S/N for Leviloff

d.  Personal email account for Leviloff

1

e.  All other "devices" (e.g. email accounts, data storage locations, or any other device as defined above should be disclosed and listed) in the possession, custody, or control of Leviloff.

f.  Any other device identified by the Examiner shall be subsequently turned over within 7 business days

**Certification of Device(s)**

4.  Leviloff shall provide a certification under penalty of perjury to Plaintiff's Counsel and the Forensic Examiner within three (3) days of execution of this Protocol that: (1) the Devices identified above are the only devices and accounts of which they are aware that contain or may contain any of Plaintiff's alleged "**Confidential Information**", or any evidence, including relevant metadata and forensic artifacts, of use, disclosure, transfer, access or destruction of Plaintiff's files or information; (2) Leviloff do not have any hard copies of Plaintiff's alleged Confidential Information in their possession other than the documents returned and produced by Leviloff; (3) Leviloff did not back up any of Plaintiff's alleged Confidential Information to the cloud or through an internet or online data storage account, other than through the above Devices, or to the extent any of the Leviloff has done so, access to that account has also been made available to the Forensic Examiner; and (4) Leviloff shall identify individuals other than Plaintiff or Leviloff' outside counsel in this lawsuit with whom they have shared or to whom they have disclosed or emailed any of the alleged Plaintiff's Confidential Information.

5.  Leviloff shall be provide the Forensic Examiner with all access passwords and/or other information needed to allow access to the Devices.  Leviloff shall also cooperate with Forensic Examiner in instances where two-factor authorization is required to permit access.

**Preparation for Inspection**

6.  Prior to imaging any Devices, Forensic Examiner will follow industry standards to properly intake evidence to include, as applicable, recording the evidence make, model, serial number, volume serial numbers, and shall be allowed to take appropriate digital photographs to document their current physical condition and operability. Prior to imaging devices, Forensic Examiner shall properly prepare suitable forensic storage media ("Target Media") for receipt of any forensic images created through Forensic Examiner's execution of any directives under this protocol.  Forensic Examiner shall provide the parties with a chain of custody form listing the evidence received, as described within this paragraph.

**Imaging of Device(s)**

7.  Forensic Examiner shall make one full forensic bit stream copy of each Device onto Target Media. The original source Devices shall, at all times, be preserved in an unaltered state. Forensic Examiner shall document and record on an acquisition form: (i) a general description of the process and tools utilized to conduct the imaging; (ii) the MD5 hash value of the original source Device; and (iii) the MD5 hash value of the copy.

8.  If any Devices are computers, Forensic Examiner shall also obtain complementary metal oxide semiconductor (CMOS) date and time data within the computer basic input/output

system (BIOS). The BIOS date and time should be compared with the actual date and time, and the two shall be recorded.

If any Devices are virtual repositories, Forensic Examiner shall create logical evidence files of the same and include within the logical evidence file properties, any and all information necessary to identify the original source of the virtual repositories.  In addition to the actual data from virtual repositories, Forensic Examiner shall collect independent auditing activity, or logging. Such examples may include Microsoft 365 Enterprise, Google Enterprise, Dropbox (commercial or free, but auditing may vary), OneDrive (free version), Google Drive (free version).

9.      Forensic Examiner shall be entitled to make additional copies of any forensic image created under this Protocol for purposes of redundancy and disaster recovery.

**Location and Timing of Imaging**

10.      The imaging process shall take place at an agreed upon location and shall continue until all Devices identified by have been imaged and verified.

**Preparation for Review and Search of Images**

11.      Prior to the Forensic Examiner conducting any forensic analysis/examination (a "Review") of any forensic image created from a Device, Forensic Examiner shall ensure that all partitions are displayed/recovered and shall then execute general preparatory actions, including but not limited to: the recovery of deleted folders and files (including from volume shadow copies), OCRing images as applicable, indexing the data, and other actions the Forensic Examiner deems appropriate to assist in the execution of this protocol.

**Search for Plaintiff's Data and for Data Search Terms and Reporting Requirements**

12.      After taking the steps in Section 11, Forensic Examiner shall prepare a report reflecting a non-content full file listing for each Device (including all active and deleted files), which includes, at a minimum, File Name, Author, File Signature, File Size, Password Protection Status (yes or no), MD5 hash value, file metadata including the dates and times for File Created, Last Written, Date Added, File Description (archive, file, folder, overwritten, deleted, etc.) Last Accessed, and Full Path values.

13.      Forensic Examiner shall also conduct a search across all Documents, including, but not limited to files and emails on the Devices that are hits to "Plaintiff's Data Search Terms," which may include search terms, MD5 hash values, and/or file names. Plaintiff, through its counsel, will provide Plaintiff's Data Search Terms to the Forensic Examiner before he or she conducts the search.  Additional search terms, or iterations of search terms may be agreed upon by the parties.  For avoidance of doubt, all searches shall be run against not only all data content, but also against all available metadata fields.[1]

---

[1] The terms "**Document**" or "**Documents**" are used herein in the broadest sense and include, but are not limited to, all original and non-identical copies of the following: all agreements, communications, data, correspondence, telegrams, telegraphs, newspaper or journal articles,

14.    Following identification of hits responsive to searches executed under the Forensic Examiner's search for Documents and files under "Plaintiff's Data Search Terms," the Forensic Examiner shall record in a log (the "Hit Log"), any Documents, files and emails (and attachments) that were responsive in either as data content, or within a metadata field, under each of the various searches. Such log will be provided to the Parties. The log shall, at a minimum, contain the following information about each file: File Name, Document Author, Document Last Saved Author, File Extension, File Signature, File Size, File System Created / Last Written / Last Accessed / Entry Modified Date, Document Last Printed Date, Document Last Modified / Last Saved / Last Written Date, MD5 hash, Full Path values, Password Protection Status (yes or no), and File Description (archive, file, deleted, overwritten, etc.).

15.    In addition to the searching above, Forensic Examiner shall perform additional Review to support the creation of various forensic reports. These reports are exclusive from, and in addition to the searches described above. The Forensic Examiner shall provide the following minimum information following this additional Review of all Device(s) in the form of reports:

    a.  A report referencing all removable storage Device(s) turned over for inspection, including:

    b.  Date and time the Device was formatted;

    c.  Hardware serial number;

    d.  Volume serial number;

    e.  ParentID;

    f.  Make/model/capacity of Device;

    g.  Identifying information such as the presence of Mac trashes folder or Windows Recycle Bin

16.    A report listing any and all Desktop/Laptop/Server/NAS/SAN/USB, or any other storage locations and accounts used by Leviloff. This report(s) shall include a sequential reference/record number so that parties can refer to a given line item when communicating, and at a minimum:

---

excerpts, telexes, text messages, memoranda, electronic mails, emails, electronic files or files, electronic records, books, summaries of records, notices, charts, graphs, maps, blueprints, diagrams, reports, notebooks, plans, surveys, plats, calculations, drawings, sketches, indices, pictures, audio or video tape recordings, accounts, calendars, telephone message logs, e-mail, computer generated messages or data (and all back-up files, tapes and stored memory), including those sent and received on LinkedIn, Facebook Messenger, and Salesforce.com, and any other social media site, schedules, spreadsheets, diaries, journals, opinions, appraisals, drafts, ledgers, receipts, check stubs, and any other paper or writing or document of any kind, character or description (or any summaries thereof), in any form, including paper or electronic.

a. Full list of file/folder opening artifacts (e.g., lnk, jmp, office mru, recent docs, open save mru, shellbag, etc) created or last written that point to files located on the Device hard drive, or any other location the file opening artifact references (e.g. removable device, network, etc.);

b. A USB device history report, to include entries from Setupapi logs, registry entries for USBStor and DevClass, logs and any other applicable location, for all devices inserted;

c. Internet history report for files accessed as well as files being downloaded/uploaded via cloud storage locations including but not limited to Box, Dropbox, YouSendIt, SugarSync, Google Drive, OneDrive, iCloud, etc.;

d. Information related to the download, purchase, installation, execution, usage, or removal of any data wiping, obfuscation, anti-forensics or time stomping, including specific information on the source, usage, and extent of any files permanently unavailable/irrecoverable following the use of any wiping or remediation software;

e. A listing of all files printed from Leviloff' computers or phones, including, where available, File Name, Author, File Extension, File Creation / Last Modified / Last Accessed, MD5 hash and Full Path values;

f. A listing of the make/model/serial number of each and every Device which the Forensic Examiner examined/analyzed, and its storage media within.

17.    A report which fully lists all emails sent or received.  This report shall list, for each email, the date, time, From, To, CC, BCC, Subject, and Filename(s) of all attachments.

18.    The Forensic Examiner shall consider transaction logs and other system files that may contain information to support the reporting requirements above, or in support of other tasks throughout the protocol (e.g., USNJ, VSCs, PLISTs, etc).

19.    As to all smart phones and smart tablets, a Cellebrite or equivalent report of all messages sent or received through any app on such Device (including social media apps, LinkedIn, WhatsApp, etc.) that includes the contents of each message and all metadata associated with the message (including sender, recipient(s), date, time, app used to send the message, etc.), including the following:

a. All messages between any of the Employee Leviloff where one of them was the sender and another was a recipient, including group messages involving two or more of the Employee Leviloff, or including group messages involving two or more of the Employee Leviloff plus one or more third parties.

b. All messages between any of the Employee Leviloff, on the one hand, and any employee of Baselayer, on the other hand.

c. As to all smart phones and smart tablets, a call log listing all incoming and outgoing calls from December 2022 to the present, including the name of the person on the

other line (if known based on existing contacts), phone number, date of the call, time of the call (in UTC) –, duration of the call, whether it was incoming or outgoing.

d.  As to all smart phones and smart tablets, a listing of all voicemails received and saved on the Device from December 2022 to the present, including the name of the caller who left the voicemail (if known), phone number of the caller who left the voicemail, date the voicemail was received, time the voicemail was received and duration of the voicemail.

e.  As to all smart phones and smart tablets, a listing of all Contacts saved on the phone, including name, company name, all phone numbers, email addresses, physical addresses, and any other notes retained about the individual, as well as metadata associated with each contact, including the date the contact was created on or added to the phone.

f.  Forensic Examiner may conduct additional analysis for information relevant to the identification, use, disclosure, transfer, access, deletion, or destruction of potentially relevant data.

20.    Forensic Examiner shall provide copies of the reports described in this section to the Parties, through their counsel. The reports shall be treated in a confidential manner and can be used in court provided that they are filed under seal unless the Parties agree otherwise. The reports may be shared by counsel with all Parties, including as to Plaintiff Middesk, to the appropriate management representatives of the corporate party who have need to access this information for purposes of prosecution of this case.

**Access to Files**

21.    The Forensic Examiner shall provide access to the data responsive to Plaintiff's Data Search Terms as follows. Leviloff' counsel will have five (5) business days after receipt of Forensic Examiner's reports and data to review and specifically identify to Plaintiff's counsel any alleged privileged data. Leviloff' counsel shall not designate as privileged any of Plaintiff's alleged property, including its alleged Confidential Information, or any evidence, including relevant metadata, of use, disclosure, access or destruction of Plaintiff's files or information.

22.    Plaintiff's counsel (including Plaintiff's in-house counsel) and Plaintiff's management representatives who have need to access this information for purposes of prosecution of this case will have immediate access only to those files responsive to Data Search Terms that Leviloff' counsel does not designate as privileged within five (5) business days after receipt of Forensic Examiner's reports[2]. Once Leviloff' five (5) business day deadline to identify any alleged personal files has expired, Plaintiff's counsel shall be provided access to all search term responsive

---

[2] For any allegedly privileged files or data, Leviloff shall provide a log of files that are removed from the production / review and must include the verbatim name of the file, verbatim subject of the email or document, date, each sender and recipient, and the reasons for the document being excluded from the production.

data Leviloff' counsel has not identified as privileged. Nothing in this Protocol shall be deemed to limit the proper scope of discovery or prevent a party from seeking relevant documents through proper discovery requests.

23.    Counsel for the Parties will meet and confer regarding the disposition of any files where there is a dispute concerning the proper owner or relevance. To the extent the parties are unable to resolve any dispute over the ownership of any files or relevance, the parties agree that the dispute may be resolved by the Court but the confidentiality of said files shall be maintained during the period of the parties' dispute and subject to either Parties' right to seek additional protections for the files.

### Other Analysis

24.    **Deleted File Analysis** –  The Forensic Examiner is also authorized to analyze any documents that may have been or were deleted from December 2022 through the present (the "Relevant Time Period") to identify, to the extent possible, the date and time such Documents were deleted, the contents of the deleted Documents, and metadata identifying the date the Documents were created, last accessed, last modified, and any other attributes available regarding the Documents. If any such deletion activity is found to have occurred, the Forensic Examiner shall provide a summary of this activity in a written summary report (the "Report").

25.    **Anti-Forensic Evaluation** – The Forensic Examiner is also authorized to search for and evaluate if any anti-forensics evidence elimination techniques were employed; after reviewing this information, the Forensic Examiner will report to the Parties, in writing, whether any anti-forensics evidence elimination techniques were employed, and if so, details must be provided in the Report.

26.    **External Storage Device History Reconstruction** – The Forensic Examiner is authorized to reconstruct and describe in the Report any external storage device use by creating an inventory of all USB flash drives and external hard drives that were attached to the Electronic Devices during the Relevant Time Period, along with the dates such devices were attached, associated time stamps, their serial numbers, and whether there is any evidence of the transfer of Documents to or from the external storage device.

27.    **Review of Photographs** – The Examiner is authorized to OCR photographs found on the devices that contain text to allow for searching.

### Return of Original Device(s)

28.    Upon completion of the Imaging, Forensic Examiner shall return the Devices, but the Devices shall be subject to remediation, if applicable, as agreed upon by the Parties. Logistics for how to remediate the Devices shall be agreed upon by the Parties once the review has been completed. On a case-by-case basis, the Parties may agree that the device(s) may be held by the Forensic Examiner until remediation takes place.

**Remediation**

29.     Counsel for the Parties shall meet and confer concerning the extraction and removal of Plaintiff's files from the Devices after the reports are received and any disputes concerning privilege are promptly resolved. The Parties will identify the data to be deleted and the Forensic Examiner will permanently delete from the Devices all Plaintiff's alleged property that is found on the Devices, including its alleged Confidential Information, subject to the Parties' mutual agreement regarding scope and timing. Logistics for how to remediate the Devices shall be agreed upon by the Parties once the review has been completed. The Forensic Examiner shall retain a forensic image of all the Devices for preservation purposes for the duration of this litigation.

**Right to Supplement**

30.     Based on the results of this executed Protocol, and any new additional information obtained during the execution of this Protocol, the Plaintiff reserves the right to request additional analysis on the devices covered within this Protocol.

IT IS HEREBY AGREED:


IT IS SO ORDERED


Dated: _____April 22_____, 2025

_____
Hon. P. Kevin Castel, U.S.D.J.


Stipulated by:

| | |
|---|---|
| */s/ Jason D. Burns* | */s/ Anthony M. Rainone* |
| Jason D. Burns | Anthony M. Rainone |
| Shira M. Poliak | BRACH EICHLER LLC |
| GREENBERG TRAURIG, LLP | 101 Eisenhower Parkway |
| One Vanderbilt Avenue | Roseland, New Jersey 07068 |
| New York, NY 10017 | Telephone: (973) 364-8372 |
| Telephone: (212) 801-9294 | Facsimile: (973) 618-5972 |
| Facsimile: (212) 801-6400 | arainone@bracheichler.com |
| Jason.Burns@gtlaw.com | |
| Shira.Poliak@gtlaw.com | *Counsel for Defendant Josh Leviloff* |

8

Justin K. Victor (*phv*)
Fredric J. Bold, Jr. (*phv*)
Rushton Pope (*phv*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road, NE, Suite 2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Victorj@gtlaw.com
Rick.Bold@gtlaw.com
Rushton.Pope@gtlaw.com

*Counsel for Plaintiff Middesk, Inc.*