**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MIDDESK, INC.,** | CIVIL ACTION NO.  1:25-cv-02677-PKC |
| **Plaintiff,** | SO ORDERED. <br> 5/16/2025 |
| **v.** | |
| **OSIRIS RATINGS, INC., et al.** | P. Kevin Castel <br> United States District Judge |
| **Defendants.** | |

### JOINT STIPULATION FOR SECOND TEMPORARY RESTRAINING ORDER

Plaintiff Middesk, Inc. ("Middesk") and Defendants Osiris Ratings, Inc. d/b/a Baselayer ("Baselayer") and Jonathan Awad ("Awad") (Middesk, Baselayer, and Awad collectively referred to as the "Parties" and individually a "Party"), by and through their undersigned counsel, hereby jointly agree to this Stipulation For Temporary Restraining Order and state as follows:

The Parties have met and conferred and hereby stipulate to the following:

1. Defendants Baselayer and Awad are restrained from using, printing, copying, distributing, disclosing, or destroying the Middesk files and documents in the list attached hereto as Exhibit A, which shall be submitted under seal with the Court.

2. Defendants Baselayer and Awad must immediately desist from expanding business and/or pitching a new business relationship with any of Middesk customers or potential customers within Exhibit B, which will filed under seal.

The Parties agree that nothing in this stipulation shall prohibit Baselayer from responding to any discovery request from Middesk or complying with an order from the Court in the Action.

The Parties agree that nothing in this order shall prevent Middesk from seeking further or broader injunctive relief if necessary.

The Parties agree that nothing herein shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claim in the Action (including, but not limited to, that any particular information constitutes a Middesk trade secret or confidential or proprietary information), (b) an acknowledgment or admission by any Party of any fault or liability whatsoever, and (c) an admission by any Party of taking, using, printing, copying, distributing, disclosing, examining, or destroying any Middesk information.

The Parties agree that this Order shall remain in effect until (a) the Court dissolves it; or (b) five (5) business days after the date on which Kroll, LLC has provided the parties with (i) copies of the files contained in the Hit Log (as defined in the forthcoming Order to Perform Forensic Inspection and Protocol Agreement (the "Protocol")) to which no objection has been made (only as may be permitted by the Protocol), and (ii) the reports required by the Protocol.

Dated: May 12, 2025

| | |
|---|---|
| /s/   Justin K. Victor | /s/ Matthew D. Gorman |
| Jason D. Burns | Matthew D. Gorman |
| Shira M. Poliak | WILSON SONSINI GOODRICH & |
| GREENBERG TRAURIG, LLP | ROSATI, Professional Corporation |
| One Vanderbilt Avenue | One Boston Place |
| New York, NY 10017 | 201 Washington Street, Suite 2000 |
| (212) 801-9294 | Boston, MA 020108 |
| Jason.Burns@gtlaw.com | Telephone: (617) 598-7800 |
| Shira.Poliak@gtlaw.com | Facsimile: (866) 974-7329 |
| | mgorman@wsgr.com |
| GREENBERG TRAURIG, LLP | |
| Justin K. Victor (*phv*) | Heather G. Diles |
| Fredric J. Bold, Jr. (*phv*) | WILSON SONSINI GOODRICH & |
| Rushton Pope (*phv forthcoming*) | ROSATI, Professional Corporation |
| 3333 Piedmont Road NE, Suite 2500 | 1301 Avenue of the Americas, 40th Floor |
| Atlanta, GA 30305 | New York, NY 10019 |
| (678) 553-2100 | Telephone: (212) 999-5800 |
| victorj@gtlaw.com | |

2

rick.bold@gtlaw.com
rushton.pope@gtlaw.com

Facsimile: (866) 974-7329
hdiles@wsgr.com

*Counsel for Plaintiff Middesk, Inc.*

*Counsel for Defendants Osiris Ratings, Inc.
and Jonathan Awad*

3

# EXHIBIT A

## SEALED EXHIBIT

# EXHIBIT B

## SEALED EXHIBIT

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MIDDESK, INC.,** | CIVIL ACTION NO.  1:25-cv-02677-PKC |
| **Plaintiff,** | |
| **v.** | |
| **OSIRIS RATINGS, INC., et al.** | |
| **Defendants.** | |

### [PROPOSED] ORDER

This case comes before the Court on Plaintiff Middesk, Inc.'s ("Middesk") and Defendants Osiris Ratings, Inc. d/b/a Baselayer's ("Baselayer") and Jonathan Awad's ("Awad") Joint Stipulation for Second Temporary Restraining Order.

Because the Defendants consent to the entry of the Joint Stipulation for Second Temporary Restraining Order and for good cause shown, the Court enters the following Second Temporary Restraining Order:

1. Defendants Baselayer and Awad are restrained from using, printing, copying, distributing, disclosing, or destroying the Middesk files and documents listed in Exhibit A, which will be filed under seal.

2. Defendants Baselayer and Awad are restrained from expanding business and/or pitching a new business relationship any of Middesk customers or potential customers within Exhibit B, which will filed under seal.

3. Nothing in this stipulation shall prohibit Baselayer from responding to any discovery request from Middesk or complying with an order from the Court in the Action.

1

4. Nothing in this order shall prevent Middesk from seeking further or broader injunctive relief if necessary.

5. Nothing herein shall be deemed or construed to be (a) an admission of the truth or falsity of any actual or potential claim in the Action (including, but not limited to, that any particular information constitutes a Middesk trade secret or confidential or proprietary information), (b) an acknowledgment or admission by any Party of any fault or liability whatsoever, and (c) an admission by any Party of taking, using, printing, copying, distributing, disclosing, examining, or destroying any Middesk information.

6. The Parties agree that this Order shall remain in effect until (a) the Court dissolves it; or (b) five (5) business days after the date on which Kroll, LLC has provided the parties with (i) copies of the files contained in the Hit Log (as defined in the forthcoming Order to Perform Forensic Inspection and Protocol Agreement (the "Protocol")) to which no objection has been made (only as may be permitted by the Protocol), and (ii) the reports required by the Protocol.

IT IS SO ORDERED

Dated: _____, 2025

_____
Hon. P. Kevin Castel, U.S.D.J.