**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **MIDDESK, INC.,**<br><br>　　　　　　**Plaintiff,**<br><br>　　　　　　**v.**<br><br>**OSIRIS RATINGS, INC., et al.**<br><br>　　　　　　**Defendants.** | CIVIL ACTION NO.  1:25-cv-02677-PKC |

<u>**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR LEAVE TO AMEND COMPLAINT**</u>

DATED: May 19, 2025

/s/   Justin K. Victor
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

Justin K. Victor (*phv*)
Fredric J. Bold, Jr. (*phv*)
Rushton Pope (*phv*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
(678) 553-2100
victorj@gtlaw.com
rick.bold@gtlaw.com
rushton.pope@gtlaw.com

*Counsel for Plaintiff Middesk, Inc.*

Plaintiff Middesk, Inc. ("Middesk"), by and through its undersigned counsel, submits this memorandum of law in support of its motion for an order granting Middesk leave to amend its Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 15(a)(2).

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Middesk filed its Complaint against Defendants Baselayer, Awad, and Leviloff (together, "Defendants") on March 31, 2025, alleging seven causes of action, including breach of contract, tortious interference with contractual relations, Defend Trade Secrets Act claims, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unfair competition. *See* ECF No. 1. It has been less than two months since Middesk filed its Complaint; yet, Middesk has learned substantial new information through disclosures, admissions, and discovery from Defendants, thereby triggering the need to amend its Complaint. For example:

- Although Awad attested to only possessing one Middesk folder on his personal Google Drive and Baselayer's Google Drive, each copy of this Middesk folder **included over one thousand nine hundred documents** (totaling thousands of pages of Middesk documents) and ninety-one customer/prospective customer folders containing confidential, proprietary, and trade secrets information;

- Timothy Hyde ("Hyde"), Baselayer's co-founder and Chief Technology Officer, alongside Awad, was also involved in directing the misappropriation Middesk's trade secrets from Defendant Leviloff;

- Specifically, Awad and Hyde together instructed Leviloff to provide confidential information and trade secret information related to Middesk's product performance to Baselayer and Defendant Leviloff provided that information as requested;

- Hyde also had access to and was the administrator of the Baselayer Google Drive containing the thousands of pages of Middesk documents while building Baselayer's products.

- On at least one occasion, Awad offered Leviloff between $10,000 and $20,000 in exchange for a list of Middesk's trade secrets, while knowing Leviloff still was employed by Middesk at the time. Leviloff did in fact use his access as a then-employee of Middesk to gather that Middesk information and provide it Awad for Baselayer's benefit;

1

- To minimize the chance of being caught, Leviloff wrote down the Middesk confidential and proprietary information and trade secrets that Awad requested he obtain in a physical notebook;

- Leviloff provided Awad with this physical notebook containing Middesk's confidential and proprietary information and trade secrets and also verbally provided the information requested by Awad to Baselayer;

- After Leviloff began employment at Baselayer, Awad boasted to Leviloff that when Awad left employment at Middesk, he took "everything" with him, including customer lists and details of how Middesk's products were built;

- On or around March 3, 2025, after Awad received a letter from Middesk's counsel notifying Awad and Baselayer of their duty to preserve evidence, Awad intentionally deleted from the Baselayer corporate Google Drive a folder of nearly two thousand Middesk documents containing confidential and proprietary information and trade secrets that Awad had taken;

- Because this folder containing Middesk's confidential and proprietary information and trade secrets was located on Baselayer's corporate Google Drive, Awad, Hyde, and at least one other Baselayer employee had ready access to this folder and its contents, presumably, for a number of years; and

- On or around March 3, 2025, after Awad received the letter from Middesk's counsel notifying Awad and Baselayer of their duty to preserve evidence, Awad told Leviloff he could burn the notebook.

Not one of the above facts is presently alleged in Middesk's Complaint, nor is Hyde—a newly discovered key player in the misappropriation of Middesk's trade secrets—a named defendant in the present action.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), a plaintiff may amend a complaint upon leave of court, which "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [it] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The policy behind this rule is that liberal amendment promotes judicial economy by making it possible to dispose of all contentions between parties in

one lawsuit." *Kreisler v. P.T.Z. Realty, L.L.C.* 318 F.R.D. 704, 706 (S.D.N.Y. 2016).  Because leave to amend is such a permissive standard, "the only 'grounds on which denial of leave to amend has long been held proper are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021) (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)).  "[M]ere allegations that an amendment "will require the expenditure of additional time, effort, or money do not themselves constitute undue prejudice." *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526, at *5 (S.D.N.Y. 2014) (internal quotation marks and alterations omitted).

## II.    ARGUMENT

Middesk respectfully requests leave to amend its Complaint under Rule 15(a)(2). Specifically, Middesk intends to (i) add Hyde as a defendant in this action, (ii) provide additional factual allegations detailing Hyde's role with Baselayer and Defendants' misappropriation of Middesk's trade secrets; (iii) expand the injunctive relief sought against Defendants.  Permitting this amendment aligns with the "liberal" standard for granting leave to amend, as set forth in *Loreley Fin. (Jersey) No. 3 Ltd.*, 797 F.3d at 190, which recognizes that leave to amend should only be denied under limited circumstances, such as undue delay, bad faith, dilatory motive, or futility. *Id.; see also Sacerdote*, 9 F.4th at 115.

None of the factors that warrant denial of leave are present in this case.  Middesk only learned of this new information after it filed its Complaint.  Indeed, there has been **no** delay in seeking leave to amend, as (i) Middesk timely filed its Pre-Motion Letter pursuant to this Court's Civil Case Management and Scheduling Order (ECF No. 36) and (ii) Middesk timely files this Motion pursuant to the briefing schedule this Court set in its Order granting Middesk's Pre-Motion Letter. *See* ECF No. 66 at 4.  Moreover, there certainly is no bad faith or dilatory motive in

3

requesting leave to amend, nor is this amendment futile.  Rather, this amendment involves bringing in a new defendant, and supplementing factual allegations to further support Middesk's existing claims, which will only serve to enhance the clarity and precision of Middesk's claims.

Further, there can be no reasonable contention that Defendants would be unduly prejudiced if leave to amend is granted.  Defendants chose not to file a motion to dismiss Middesk's Complaint, and the amendment will not disadvantage Defendants' efforts to defend themselves on the merits.  Thus, aside from what at most would be assertions of added time, effort, and costs— which, alone, are insufficient considerations (*Christians of Cal., Inc.*, 2014 WL 3605526 at *5)— there can be no showing that the proposed amendment will unduly prejudice Defendants.

## CONCLUSION

For all of the foregoing reasons, Middesk respectfully requests that this Court grant Middesk leave to file the proposed First Amended Complaint submitted as **Exhibit 1** to the Victor Declaration.  A redline comparison of the original Complaint with the proposed First Amended Complaint is attached to the Victor Declaration as **Exhibit 2**.

DATED: May 19, 2025

*/s/  Justin K. Victor*
Jason D. Burns
Shira M. Poliak
GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, NY 10017
(212) 801-9294
Jason.Burns@gtlaw.com
Shira.Poliak@gtlaw.com

Justin K. Victor (*phv*)
Fredric J. Bold, Jr. (*phv*)
Rushton Pope (*phv*)
GREENBERG TRAURIG, LLP
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305

4

(678) 553-2100
victorj@gtlaw.com
rick.bold@gtlaw.com
rushton.pope@gtlaw.com

*Counsel for Plaintiff Middesk, Inc.*

## **<u>CERTIFICATE OF SERVICE</u>**

The undersigned certifies that on May 19, 2025, a copy of the foregoing was served electronically by filing on ECF, which in turn will serve the foregoing on all parties of record.

Dated: May 19, 2025

***/s/ Justin K. Victor***
Justin K. Victor

6