**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**MIDDESK, INC.,**

      **Plaintiff,**

      **v.**

**OSIRIS RATINGS, INC., et al.,**

      **Defendants.**

CIVIL ACTION NO. 1:25-cv-02677-PKC

---

**DEFENDANTS OSIRIS RATINGS, INC.'S AND JONATHAN
AWAD'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendants Osiris Ratings, Inc. d/b/a Baselayer ("Baselayer") and Jonathan Awad ("Mr. Awad") (collectively, the "Defendants"), by and through their undersigned counsel, submit this Memorandum of Law in opposition to Plaintiff Middesk, Inc.'s ("Middesk") Motion for Leave to Amend its Complaint.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Middesk filed its Complaint on March 31, 2025. The Complaint already alleges seven causes of action against Defendants, including breach of contract, tortious interference with contractual relations, misappropriation of trade secrets, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unfair competition. *See* Dkt. No. 1. The sufficiency of these claims is not at issue right now. Middesk also purportedly conducted a thorough forensic review before filing its initial Complaint. *See id.* ¶ 1. Middesk nonetheless seeks to add a bevy of superfluous, poorly founded allegations against Defendants for no purpose other than to continue to embarrass them. Moreover, Middesk seeks to add Baselayer's Co-Founder and Chief

Technology Officer, Timothy Hyde ("Mr. Hyde"), as a defendant. The limited allegations against Mr. Hyde are wholly insufficient to support any of the proposed claims against him. Middesk's motion should be denied for these reasons, which are explained further below.

## II.   LEGAL STANDARD

A motion for leave to amend a pleading may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, … [or] futility of amendment…." *Cohen v. Greenberg*, 2010 WL 4159628, at *1 (S.D.N.Y. Oct. 13, 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment to a pleading is considered futile if a proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] Rule 12(b)(6)." *Ivanov v. New York City Transit Auth.*, 2014 WL 2600230, at *8 (S.D.N.Y. June 5, 2014) (internal quotations omitted) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). That is, "leave to amend may properly be denied if . . . the proposed new pleading fails to state a claim on which relief can be granted." *Harleysville Worcester Ins. Co. v. Consigli & Assocs., LLC*, 2023 WL 4684652, at *5 (S.D.N.Y. July 21, 2023) (citations omitted).

## III.   ARGUMENT

Middesk's motion should be denied because the amendments to add Mr. Hyde are futile and the remaining amendments are brought in bad faith. Middesk seeks to assert claims against Mr. Hyde for tortious interference, misappropriation of trade secrets, and unfair competition. *See* Dkt. No. 71-2 ¶¶ 128-54, 174-79. The factual support for these proposed causes of action is sparse and inadequate for any of these claims. Specifically, Middesk alleges only that: (i) Mr. Hyde, alongside Mr. Awad, "instructed [Mr.] Leviloff to provide confidential information and trade secret information related to Middesk's product performance to Baselayer…," and (ii) Mr. Hyde had access to and was the administrator of the Baselayer Google Drive containing Middesk

-2-

documents while building Baselayer's products. *See* Dkt. No. 71 at 1. There is no allegation that Mr. Hyde even knew he had access to Middesk documents, that he opened or reviewed any of the Middesk documents, or that he disclosed or used any of the alleged confidential information therein. These bare allegations are not enough to make Mr. Hyde liable for any of the proposed claims as set forth in subsections A.-C. below. The remaining allegations are entirely superfluous and included in the proposed amendment solely to embarrass Defendants. There is no legitimate need for these amendments and Middesk's motion should be denied on those grounds as well.

    **A.**    **Middesk Cannot Plausibly Allege A Tortious Interference Claim Against Mr. Hyde.**

Under New York law, to successfully allege a tortious interference with contractual relations claim against Mr. Hyde, Middesk must show: (1) the existence of a valid contract between Middesk and Defendant Josh Leviloff ("Mr. Leviloff"); (2) Mr. Hyde's knowledge of such contract; (3) Mr. Hyde's intentional procurement of Mr. Leviloff's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom. *See JPMorgan Chase Bank, N.A. v. 29-33 Ninth Ave., LLC*, 710 F. Supp. 3d 259, 279 (S.D.N.Y. 2024). Middesk "must provide specific allegations of [Mr. Hyde]'s knowledge and cannot survive a motion to dismiss by making merely a conclusory assertion of knowledge." *Id.* at 279-80 (citing *Medtech Prods. Inc. v. Ranir, LLC*, 596 F. Supp. 2d 778, 813 (S.D.N.Y. 2008)). "As a result, when a complaint contains no specific allegations to support [plaintiff's] conclusory assertion that [defendant] knew of a contract, the claim must be dismissed." *Id.* at 280 (internal quotations omitted) (citing *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 359 (S.D.N.Y. 2001)).

Though Middesk can demonstrate the existence of a valid contract between Middesk and Mr. Leviloff because he is a former employee, Middesk cannot successfully allege the remaining elements of this claim. Middesk seeks to add Mr. Hyde as a defendant based on Mr. Leviloff's

deposition testimony, but Mr. Leviloff could not even say that it was *Mr. Hyde* that allegedly asked for the information at issue. Declaration of Matthew D. Gorman in Opposition to Plaintiff's Motion for Leave to Amend (the "Gorman Decl."), Ex. 1 at 198:6-199:4. Importantly, there is no allegation that Mr. Hyde knew about Mr. Leviloff's contract with Middesk, nor the specific terms thereunder, when he allegedly spoke with Mr. Leviloff. Even if Middesk could allege that Mr. Hyde knew of Mr. Leviloff's agreement, making such a conclusory assertion of knowledge is insufficient and alone warrants dismissal. *See id.* (dismissing tortious interference with contract claim where defendants failed to allege with any specificity that plaintiff had the requisite knowledge of their contracts with third parties); *Wolff*, 171 F. Supp. 2d at 359-60 (granting motion to dismiss as to plaintiffs' tortious interference with contract claim where the complaint contained no specific allegations to support plaintiffs' assertion that defendant knew of the agreement at issue).

Mr. Hyde could not have induced or intentionally procured any alleged breach by Mr. Leviloff for this same reason. *See Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 266 (E.D.N.Y. 2014) (dismissing tortious interference with contractual relations claim because plaintiff failed to plead, along with other elements, that defendant had actual knowledge of any contract between the plaintiff and a third party); *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 2018 WL 1273343, at *10-11 (S.D.N.Y. Mar. 5, 2018) (holding that dismissal of the claim for tortious interference with contract was warranted in large part because counter-plaintiffs failed to plead that the estate movants had actual knowledge of either contract at issue). Furthermore, Middesk cannot even allege that Mr. Leviloff breached his contract because Mr. Leviloff admitted that he did not know the information that Mr. Hyde allegedly asked for. *See* Gorman Decl., Ex. 1 at 198:6-199:4; Dkt. No. 35-1 ¶ 5. If there was any breach on Mr. Leviloff's part, any alleged involvement by Mr. Hyde was not intentional and Middesk cannot allege with specificity that Mr.

Hyde knew confidential information was being discussed. Finally, Middesk has not alleged that it has suffered any damages due to Mr. Hyde's alleged conduct. *See* Dkt. No. 71-2 ¶¶ 128-38. For these reasons, Middesk's allegations fall short in stating a plausible tortious interference claim against Mr. Hyde.

**B.      Middesk Cannot Plausibly Allege A Misappropriation Claim Against Mr. Hyde.**

Under the Defend Trade Secrets Act ("DTSA"), misappropriation of trade secrets entails: (1) acquiring a trade secret by improper means, or (2) disclosing or using the trade secret without consent. *See Zurich Am. Life Ins. Co. v. Nagel*, 538 F. Supp. 3d 396, 404-05 (S.D.N.Y. 2021) (citing *ExpertConnect, LLC v. Fowler*, 2019 WL 3004161, at *5-6 (S.D.N.Y. July 10, 2019)). First and foremost, however, whether trade secrets exist to be misappropriated in the first place must be evaluated. The DTSA provides that:

> "'trade secret' means all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
> (A) the owner has taken reasonable measures to keep such information secret; and
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information;…"

18 U.S.C. § 1839(3).

There are numerous reasons that the proposed misappropriation claim against Mr. Hyde will fail. Primarily, Middesk has not properly pleaded that the information allegedly sought actually constitutes trade secrets, particularly as it relates to the information "not being generally known" or "readily ascertainable through proper means." *See* Dkt. No. 71-2 ¶¶ 139-54. Even if Middesk has pleaded that the information constitutes trade secrets, it cannot plead that Mr. Hyde

actually acquired the information or used any improper means to do so. Not only is Mr. Leviloff unsure whether Mr. Hyde even requested the information at issue, Mr. Leviloff admits that he did not provide any supposed trade secrets to Mr. Hyde because he did not actually know the information allegedly requested. *See* Gorman Decl., <u>Ex. 1</u> at 198:6-199:4; Dkt. No. 35-1 ¶ 5. For purposes of a DTSA claim, "improper means" would include "theft … [or] breach or inducement of a breach of a duty to maintain secrecy." *ExpertConnect, LLC*, 2019 WL 3004161, at *6. The allegations as pleaded against Mr. Hyde – limited to his alleged presence during an interaction with Mr. Awad and Mr. Leviloff and his access to the Baselayer Google Drive – certainly do not reflect theft or breach of any duty to maintain the alleged secrecy of the information. The proposed Amended Complaint fails to allege that Mr. Hyde induced the breach of any such duty for the same reasons discussed above – Mr. Hyde did not know that any such duty existed. Middesk therefore cannot state a legitimate misappropriation claim under the DTSA against Mr. Hyde.

C.  **Middesk Cannot Plausibly Allege An Unfair Competition Claim Against Mr. Hyde.**

"[T]he essence of unfair competition under New York common law is the bad faith misappropriation of the labors and expenditures of another." *SA Luxury Expeditions, LLC v. Schleien*, 2022 WL 3718310, at *3 (S.D.N.Y. Aug. 29, 2022) (internal quotations omitted) (citing *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995)). That said, a claim for unfair competition in New York "must allege special damages by identifying actual losses and their causal relationship to the alleged tortious act." *Id*. However, when a plaintiff's unfair competition claim is essentially premised on the same allegations as plaintiff's misappropriation of trade secrets claim, the unfair competition claim must be dismissed as duplicative. *See Turret Labs USA, Inc. v. CargoSprint, LLC*, 2021 WL 535217, at *6 (E.D.N.Y. Feb. 12, 2021), *aff'd*, 2022 WL 701161 (2d Cir. Mar. 9, 2022) ("Where, as here, a plaintiff's unfair

competition claim is premised on the same allegations as the misappropriation claim, … it must be dismissed as duplicative."); *Uni-Sys., LLC v. United States Tennis Ass'n, Inc.*, 350 F. Supp. 3d 143, 179 (E.D.N.Y. 2018) ("A claim for unfair competition based on the same allegations as a claim for misappropriation of trade secrets is treated as a single cause of action.").

Middesk now attempts to assert an unfair competition claim against Mr. Hyde; however, Middesk relies on the same factual allegations for both its misappropriation of trade secrets claim and its unfair competition claim against Mr. Hyde and Defendants. Specifically, for its unfair competition claim, Middesk only refers to "Defendants' conduct" rather than delineate other factual allegations, separate and apart from those alleged in support of its misappropriation claim, to distinguish the two claims from one another. *See* Dkt. No. 71-2 ¶¶ 175-78. By referring merely to "Defendants' conduct," Middesk appears to be relying on the alleged conduct stated in reference to its misappropriation claim, which was considerably more detailed. *See id.* ¶¶ 139-54. Unless and until Middesk can provide separate allegations to support its unfair competition claim, that claim must be preempted by Middesk's misappropriation of trade secrets claim. *See Turret Labs USA, Inc.*, 2021 WL 535217, at *6; *Uni-Sys., LLC*, 350 F. Supp. 3d at 179. Even if the unfair competition claim was not preempted, Middesk's claim still fails because it did not suffer any special damages from Mr. Hyde's alleged conduct as required to succeed on this claim. Accordingly, Middesk's unfair competition claim against Mr. Hyde, as well as Defendants, is not plausible.

**D.      The Additional Allegations Against Defendants Are Made In Bad Faith.**

An amendment is made in bad faith if a party is seeking leave to amend solely to gain a tactical advantage. Here, there can be no purpose for the additional allegations against Defendants other than to embarrass them with additional spurious public allegations. Indeed, Defendants are

already aware of two prior efforts by Middesk to use the allegations in this lawsuit to disrupt Baselayer's actual and prospective customer relations. *See* Dkt. No. 57 ¶¶ 27-34. There is no legitimate reason to add these allegations against Defendants (each of which is seriously deficient for reasons that will be borne out through discovery). Middesk states only that it wants to add these allegations to "enhance the clarity and precision of Middesk's claims" (Dkt. No. 71 at 4), but neither the "clarity" nor the "precision" of Middesk's claims are even at issue now. None of the proposed amendments address any issues with the pleadings raised by Defendants at this time. Middesk should not have brought its claims in the first place if it did not have legitimate grounds for the allegations and believed that it needed more "clarity" and "precision" to its causes of action. Defendants will be unduly prejudiced by having to file yet another Answer to an overly long Complaint and deny allegations that have no place in the pleadings, like the assertion that Defendants spoliated evidence. Because these additional allegations serve no genuine purpose in advancing Middesk's claims against Defendants, Middesk could only be asserting these details at this stage in bad faith. *See City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Ryanair Holdings plc*, 2022 WL 4377898, at*2 (S.D.N.Y. Sept. 22, 2022). Middesk's motion for leave to amend thus should be denied as to the additional allegations against Defendants.

## IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Middesk's motion for leave to amend the Complaint.

Dated: June 2, 2025                    Respectfully submitted,

                                       WILSON SONSINI GOODRICH & ROSATI
                                       Professional Corporation

                                       /s/ *Matt Gorman*
                                       Matt Gorman
                                       One Boston Place
                                       201 Washington Street, Suite 2000
                                       Boston, MA 02108
                                       Telephone: (212) 999-5800
                                       Email: mgorman@wsgr.com

                                       /s/ *Heather G. Diles*
                                       Heather G. Diles
                                       1301 Avenue of the Americas, 40th Floor
                                       New York, NY 10019
                                       Telephone: (212) 999-5800
                                       Email: hdiles@wsgr.com

                                       *Attorneys for Defendant Osiris Ratings, Inc. d/b/a*
                                       *Baselayer and Jonathan Awad*