UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MIDDESK, INC.,

                Plaintiff,

                                                                                          25-cv-2677 (PKC)

        -against-                                                         ORDER

OSIRIS RATINGS, INC. d/b/a BASELAYER,
JONATHAN AWAD, and JOSH LEVILOFF

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Defendants Osiris Ratings, Inc. d/b/a Baselayer ("Baselayer") and Jonathan Awad have asserted a common interest privilege as to approximately 60 emails and document attachments that were exchanged between counsel for Baselayer and Awad and counsel for co-defendant Josh Leviloff, as identified in Baselayer's privilege log produced on May 14, 2025. (ECF 77-2.) Baselayer and Awad seek to partially redact or withhold these documents. Leviloff previously produced these communications to plaintiff Middesk, Inc. ("Middesk") in response to a document request from Middesk, but Baselayer and Awad clawed them back on the grounds that they are protected by a common interest privilege. Baselayer's and Awad's proposed redactions are contained within a single email thread beginning on March 3, 2025 and ending on April 24, 2025. (LEVILOFF-000656 – 000681.)

        Middesk moves to compel Baselayer and Awad to produce these documents on the ground that they are responsive and not protected by any privilege. At the Court's direction,

Baselayer and Awad have submitted to the Court the communications that are the subject of this dispute. Upon the Court's review, it will grant Middesk's motion.

"The common interest privilege serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." Securities and Exchange Commission v. Rashid, 17-cv-8223 (PKC), 2018 WL 6573451, at *1 (S.D.N.Y. Dec. 13, 2018) (quotation marks and citation omitted). To establish the privilege, "[t]here must be an agreement, either formal or informal, to pursue a joint legal strategy, and the party invoking the privilege must demonstrate a meeting of the minds." Id. "The privilege is to be narrowly construed, and the party invoking the privilege has the burden of demonstrating that it was in effect." Id.

Baselayer and Awad contend that the communications at issue reflect an intent on their part and on the part of Leviloff that the communications be protected by the common interest privilege. The communications show some initial information-sharing among defendants' counsel regarding their planned responses to Middesk's suit and discovery requests, as well as a desire on the part of Baselayer and Awad to cooperate with Leviloff in this action and to enter into a joint defense agreement. But nothing in these communications permits the Court to infer a "meeting of the minds" between defendants as to an agreement to pursue a joint legal strategy. Id. To the contrary, when on April 1 counsel for Baselayer and Awad began to urge a coordinated response to this action and first added the phrase "COMMON INTEREST COMMUNICATION" to his email subject line, it was in partial response to an email from counsel for Leviloff that blamed Awad for causing his client to get sued. (LEVILOFF-000665.) Leviloff's counsel had written, "Now that your client caused my client to get sued, we expect

your client to indemnify and defend Mr. Leviloff from the lawsuit filed against him . . . ." (Id.) When on April 3 counsel for Baselayer and Awad again sought to establish a cooperative relationship and communicated his clients' positions as to Leviloff's potential indemnification and severance, Leviloff's counsel accused Baselayer's and Awad's counsel of making threats, writing, "Your threat is noted . . . ." (LEVILOFF-000663 – 000664.) Then, on April 11, Leviloff expressly declined to enter into a formal joint defense agreement that had been proposed by Baselayer and Awad. (LEVILOFF-000661.) Notably, this was the same date that Middesk filed a declaration from Leviloff, signed on April 3, claiming, among other things, that Awad offered him money to obtain a list of Middesk's customers and prospects before leaving the company. (ECF 35-1.)

        Based upon a review of the documents and the oral and written presentations of counsel, the Court concludes that Baselayer and Awad have not shown that they and Leviloff agreed either formally or informally to pursue a joint legal strategy giving rise to a common interest privilege. Middesk's motion to compel is GRANTED. Baselayer and Awad are directed to provide to Middesk unredacted copies of the documents listed in Baselayer's privilege log (ECF 77-2) within 7 days of this Order.

        SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      June 23, 2025